FRANK G. PARCELL, PLAINTIFF IN ERROR, v. THOMAS McCOMBER, DEFENDANT IN ERROR.

Contract: PART PERFORMANCE. M. agreed to work for P. for one year from October 1, 1876, for the sum of $195; worked five months, and sued for his wages March 2, 1877. *Held,* That he could recover the actual value of his labor not exceeding the rate agreed upon, less any damage sustained by P., by reason of the failure of M. to work the entire year. And *held,* further, the suit was not prematurely brought.

ERROR to the district court of Dodge county. The action was brought to recover for work and labor performed by McComber for Parcell. The answer contained four counts. 1. A general denial. 2. That labor sued for was performed under a contract for a year's service, Oct. 1, 1876, to Oct. 1, 1877; that McComber left employment Mar. 15, 1877, without cause, etc. 3. A repetition of contract set up in the 2d count, its abandonment by McComber, and claiming damages by reason thereof. 4. Certain payments made by Parcell to McComber. Demurrer to answer overruled as to 1st, 3d, and 4th counts, and sustained as to the 2d count, to which ruling Parcell excepted. Reply contained a general denial except as to time of

16

beginning and quitting the labor.    Trial before Post, J., and a jury.    Verdict, $27 for McComber.    Motion for new trial overruled.    Judgment.    Parcell brought the cause here upon a petition in error.

*Marshall & Sterrett*, for plaintiff in error, contended that the common law rule as laid down in 2 Parsons on Contracts, note G, page 36, was in force in this state by reason of Gen. Stat., p. 159.    As to time of payment, cited *Larkin v. Buck*, 11 Ohio St., 561.    3 Parsons on Contracts, 33, note B.

*Marlow & Munger*, for defendant in error, cited *Duncan v. Baker*, 21 Kan., 99.    Where services are rendered and no time fixed for payment, payment is due when service is rendered.

Cobb, J.

There is an important question presented in this case, one upon which it cannot be claimed that the authorities, either as expressed in the opinions of courts or the treatises of text writers, are agreed.    Until the last fifty years it was quite generally held to be the law, both in England and in America, that where a person, having agreed to work for another for a definite period of time, voluntarily leaves such service without any fault on the part of the employer, and without his consent, before the expiration of the term, he cannot recover in any form of action for the services actually rendered.    The reasoning upon which the decisions holding this view were generally sustained is well expressed by Morton, J., in delivering the opinion of the court in *Olmstead v. Beale*, 19 Pick., 528, in the following language:  "The plaintiff cannot recover on his express contract, because he has not executed it on his part, and the performance is a condition precedent to

the payment. He cannot recover on a *quantum meruit* for the labor performed, because an express contract always excludes an implied one in relation to the same matter."

But in the case of *Britton v. Turner*, 6 N. H., 481, decided in 1834, a marked departure was taken from the former line of decisions. In that case, one quite parallel to the case at bar, it was held that "where a contract is made of such a character a party actually receives labor or materials, and thereby derives a benefit and advantage over and above the damage which has resulted from the breach of the contract by the other party, the labor actually done, and the value received, furnish a new consideration, and the law thereupon raises a promise to pay to the extent of the reasonable worth of such excess." And again: "In fact we think the technical reasoning, that the performance of the whole labor is a condition precedent, and the right to recover anything dependent upon it, that the contract being entire there can be no apportionment, and there being an express contract, no other can be implied, even upon the subsequent performance of service, is not properly applicable to this species of contract, where a beneficial service has been actually performed; for we have abundant reason to believe that the general understanding of the community is that the hired laborer shall be entitled to compensation for the service actually performed, though he not continue the entire term contracted for, and such contracts must be presumed to be made with reference to that understanding, unless an express stipulation shows the contrary."

"Where a beneficial service has been performed and received, therefore, under contracts of this kind, the mutual agreements cannot be considered as going to the whole of the consideration, so as to make them

mutual conditions, the one precedent to the other, without a specific proviso to that effect."

This case has been quite generally though not uniformly followed, and the principles announced by it seem to be quite generally approved by the profession and the people, and while according much weight to some of the arguments on the other side, I think it would be unsafe to adopt them.

The well considered case of *Duncan v. Baker*, 21 Kans., 99, contains the latest adjudication of the questions involved in this case to which my attention has been called. After an exhaustive review of the authorities, the court reaches the same conclusions as those announced in *Britton v. Turner*. And so I think the law may be considered to be pretty generally settled throughout the western states.

The point made by the counsel for the plaintiff in error in their brief, that the action was prematurely brought, cannot be sustained. Besides, not having been made directly in the answer, there was evidence from which the jury might, and no doubt did, infer that it was the understanding between the parties that the wages should be paid from time to time, according to needs of the defendant in error. I quote from the testimony of the plaintiff in error:

Q. · Was there anything said at the time of the contract in regard to the time of payment?

A.    We just agreed on the price for a year; there was nothing said about the payments at all.

Q.    There was no agreement that any part of this should be paid during the time of service?

A.    There was not a word said about it; he had been working for me before, and he drawed money whenever he wanted it    *    *    *    .

The evidence, as well as the answer of the plaintiff in error, shows that some payments were made on the

work as it progressed, all of which was, I think, sufficient to justify the jury in coming to the conclusion which they reached by their verdict.

Some minor points were made upon the admission and rejection of testimony. But upon a careful examination, I do not think either of them sufficient to control the final disposition of the case.

It follows therefore that the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.