SAMPSON BURKHOLDER, PLAINTIFF IN ERROR, V. AMOS L. BURKHOLDER, DEFENDANT IN ERROR.

1. Work and Labor: PAYMENT.   One A, being about sixteen years of age, went to reside with B, his brother, and to continue in his service until he was twenty-one years old.   A continued in the service of B until about seven months before reaching his majority, when he left his service.   In an action by A against B to recover for the value of his services, A testified that B was to give him a good span of horses, harness, and wagon when he became of age, while B testified that he was merely to feed and clothe A and send him to school, during each winter.   A verdict having been rendered in favor of A for the value of a span of horses, harness, and wagon, *Held*, That the verdict sustaining the contract as claimed by A was supported by the clear weight of evidence.

2. ——: ——: PRACTICE.   But as A had not remained in the employment of B until he was twenty-one years of age, he could not recover the entire amount agreed upon, but the matter being susceptible of computation, a reference would be ordered to determine the amount of deduction to be made.

3. Trial: MOTION FOR NEW TRIAL.   Where no objection is made in a motion for a new trial that the verdict is excessive, but there is an assignment that the verdict is not supported by sufficient evidence, this, liberally construed, will cover the point that the verdict is excessive.

ERROR to the district court for Kearney county.    Tried below before GASLIN, J.

*J. L. McPheely, J. M. Stewart,* and *J. W. Tipton,* for plaintiff in error, cited: *Busch v. Hagenrick,* 10 Neb., 415. *Clarke v. O. & S. W. R. R.,* 5 Neb., 319. *Cook v. Smith,* 54 Iowa, 637. *Sherman v. Kismiller,* 17 S. & R. (Penn.), 45. *Graham v. Graham's Exrs.,* 10 Casey (Penn.), 475. Wood Master and Servant, page 126.

*Tanner & McKinney,* for defendant in error.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error to recover for work and labor.

The plaintiff in error (defendant below), in his answer, alleges the facts to be that he, the said defendant, with his family, moved to the state of Nebraska during the spring-time of the year 1879 ; that at the said time the said plaintiff was residing with his guardian, in the state of Iowa; that the said plaintiff at said time ran away from his said home, and followed a brother of defendant to this state; that the plaintiff, being a brother of defendant, he, the defendant, endeavored to prevail on him, the plaintiff, to return to his said guardian, which he refused to do ; that thereupon, during said spring of 1879, the said plaintiff, he being an infant and being without a home, and wholly destitute, came to the defendant and requested that defendant give him a home ; that at the said time defendant was poor, the country was new, defendant had his farm to break out, and he had a large family depending upon him ; that the said plaintiff fully understood the premises. It was then and there mutually understood and agreed by and between the plaintiff and defendant, the plaintiff having prevailed upon the defendant so to do, that defendant would take plaintiff into his family, give him a home, food, clothing, care, and attention, such as a child of defendant's would reasonably be entitled to, and in consider-

ation therefor the plaintiff should render such services as he could; that thereupon, with such mutual understanding, defendant at said time took the said plaintiff into his family, and during the said years of 1879, 1880, 1881, 1882, and 1883, gave to him a home, food, clothing, care, and attention, and education to the same extent as to the children of said defendant, and to the same extent as the ability of defendant would allow; that the same was of more value than the services rendered by plaintiff. During the year 1883 the plaintiff voluntarily left the defendant, and from said time until the commencement of this action, or any other time, has not claimed or intimated in any manner whatever that defendant was indebted to him in any sum or in any manner whatever.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $375. A motion for a new trial was thereupon filed and overruled, and judgment entered on the verdict.

The grounds assigned for a new trial were as follows:

"The verdict is not sustained by sufficient evidence.

"2d.   The verdict is contrary to law.

"3d.   Errors of law occurring at the trial, duly excepted to.

"4th.   The verdict is contrary to the instructions offered by the defendant and given by the court as modified by the court."

The testimony tends to show that the plaintiff and defendant are brothers; in the year 1878 the plaintiff in error purchased land in Kearney county, and settled thereon in the early spring of 1879; that the defendant in error at the latter date was about sixteen years of age, and at that time was living with a guardian in the state of Iowa. The plaintiff in error called upon him, as he and some of his witnesses claim, for the sole purpose of showing his kindly interest in his brother, and to say good-bye. On the other hand, the defendant in error testifies that the

plaintiff in error induced him to run away from his guardian and accompany the plaintiff in error to Kearney county. The inducing cause perhaps is not material in this case, as all the testimony shows that the defendant in error did run away from his guardian and accompany the plaintiff in error and another brother to Kearney county. The defendant in error testifies, in substance, that he was to remain with the plaintiff in error until he was twenty-one years of age, for his board, clothing, and schooling through each winter, and when twenty-one the plaintiff in error was to give him a good team, harness, and wagon for his services. The testimony shows that the defendant in error continued in the service of his brother until about Nov. 1, 1883, when he was within seven months of his majority. There is no dispute on this point. The plaintiff in error contends that the contract with the defendant in error was, that he was to remain in his employment until he was twenty-one years of age, for his board and clothing, and the right to attend school during each winter. He called a number of witnesses who testified that such was the contract, while a still greater number testified on behalf of the defendant in error to the contract as claimed by him. In our view, a clear preponderance of the evidence establishes the contract as claimed by the defendant in error.

A large number of errors are assigned by the plaintiff in error as grounds for reversing the judgment, but an examination of the record fails to show that exceptions were taken during the progress of the trial, or the attention of the court called to the alleged errors in the motion for a new trial. Such grounds of error, therefore, cannot be considered. No exceptions were taken to any of the instructions, nor is there any claim in the motion for a new trial that the verdict is excessive. It is probable, however, that the assignment, that the verdict is not sustained by sufficient evidence, liberally construed, will

cover that point.   The testimony shows that a good team, harness, and wagon would be worth about $325, but as the defendant in error did not continue in the service of the plaintiff until he was twenty-one years of age, there should be a deduction from the amount of the verdict for this loss of service.   This fact the jury seems to have overlooked.   The trial evidently was an expensive one, and as it is evident that the defendant in error is entitled to recover, we will not order a new trial, but refer the matter for the purpose of computing the proper amount to be deducted, and a new judgment will be entered in this court for that amount.   The case has the appearance of a family quarrel, in which friends and acquaintances have taken sides, and the result has been the engendering of considerable ill feeling between the parties.   An attempt was made to impeach two of the witnesses, where the impeaching witnesses seemed to have aired their private grievances under the pretence of stating the general reputation of the witnesses sought to be impeached.   It is doubtful if any of the impeaching witnesses possessed sufficient information, as shown by their testimony, on which to allege knowledge of the general reputation of the witnesses sought to be impeached, but no instructions were asked or given on that point, nor exceptions taken.

The judgment of the court below will be modified to conform to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.