## W. P. TIMBERLAKE v. A. L. THAYER.

1. CONTRACT FOR PERSONAL SERVICE. *Breach. Apportionment. Quantum meruit.*

   One contracting to render personal service to another for a specified time cannot, upon breach of the contract by himself, recover the value of the service rendered by him and received by the other. He cannot recover on the special contract, because he has not performed it, nor upon a *quantum meruit,* because of the existence of the special contract. *Wooten* v. *Read,* 2 Smed. & M., 585.

2. PRINCIPAL AND SURETY. *Extension. Release of surety. Indorser.*

   The indorser of a note, being only secondarily liable, is discharged by an agreement between the holder and maker, without his consent, by which the right of action against the latter is suspended, if but for a day.

3. SAME. *Extension. Release of surety. Revival of obligation.*

   Accordingly, where the purchaser of an outstanding note contracts with the maker that the latter shall render personal service for a specified time in payment, an extension being thus granted, an indorser not consenting thereto is released, and the subsequent breach of such contract of service cannot revive the obligation of the indorser.

FROM the circuit court of Monroe county.

HON. NEWMAN CAYCE, Judge.

Appellee, H. L. Thayer, sued out an attachment before a justice of the peace against Vandiver and Trotter, makers, and W. P. Timberlake, indorser, of a promissory note for $150, the ground of attachment being non-residence of the defendants. Subsequently plaintiff dismissed the case as against Vandiver and Trotter. Timberlake traversed the ground of attachment, but the issue thus presented was found in favor of plaintiff, thus adjudging that the attachment was rightfully sued out. Defendant likewise denied liability on the note, claiming that he was secondarily liable thereon, and that he had been released by reason of a contract made between the plaintiff, Thayer, and Vandiver, one of the makers,

by which the latter agreed to perform service for a specified time in payment of the note. The facts touching this branch of the case are stated in the opinion. On the trial, the court instructed the jury for plaintiff to the effect that if Vandiver made an entire contract with Thayer for services, but abandoned the service without the. fault or consent of Thayer before the expiration of a year, then Vandiver was entitled to nothing for the service actually rendered. From a judgment in favor of the plaintiff, Timberlake, after motion for new trial overruled, appeals.

*Clifton & Eckford,* for appellant.

Evidence as to the non-performance by Vandiver of the contract which he and Thayer had substituted in place of the note should have been sustained. By this contract the note was satisfied so far as Timberlake, the surety, was concerned. It was a valid agreement for an extension of time on the note, and, during the year in which the services were to be performed, no suit could have been brought against Vandiver. This contract was made without the knowledge or consent of Timberlake, and he is released; hence all evidence tending to show non-performance of the contract for service was immaterial and irrelevant. As to this, see *Newell* v. *Hamer*, 4 How., 684; *Johnson* v. *Bank*, 4 Smed. & M., 165; *Brown* v. *Prophit*, 53 Miss., 649; *Maggett* v. *Baum*, 57 *Ib.*, 27; *Keirn* v. *Andrews*, 59 *Ib.*, 39. The real issue was whether there was a contract for the extension. This would release Timberlake, and all inquiry whether the contract was subsequently performed is immaterial.

*Houston & Sykes,* for appellee.

The record does not show that Vandiver and Trotter were residents of this State, and, even if it be conceded that Thayer was secondarily liable, it was not error to proceed against him alone without those primarily liable. Besides, this suit being an attachment, that rule does not apply. *Crump* v. *Wooten*, 41 Miss., 611; *Baum* v. *Burns*, 66 *Ib.*, 124.

The proof shows that there was no contract between Vandiver and Thayer for the performance of services in the payment of the note. Thayer did not know of the existence of the note until after the contract was made, and Vandiver has never demanded of him any compensation for his services. The contract could not aid a surety on the note. It could not have been made or used for an extension of time on the note. The note being past due when Thayer purchased it, he could have commenced suit at any time. The authorities cited by counsel for appellant fail to sustain their contention.

COOPER, J., delivered the opinion of the court.

If we were authorized to make the law instead of announcing it as it is already made, we would unhesitatingly hold that one contracting to render personal service to another for a specified time, could, upon breach of the contract by himself, recover from that other for the value of the service rendered by him and received by that other, subject to a diminution of his demand to the extent of the damage flowing from his breach of contract. In *Britton* v. *Turner*, 6 N. H., 481, Judge Parker demonstrates, in an admirable and powerful opinion, the equity of such a rule; and it was held in that case that such was the rule of the common law. The courts of some of the states have followed or been influenced by that opinion, and have overturned. or mitigated the rigorous rule of the common law. *Pixler* v. *Nichols*, 8 Ia., 106 (74 Am. Dec., 298); *Coe* v. *Smith*, 4 Ind., 79 (58 Am. Dec., 618); *Riggs* v. *Howe*, 25 Tex. Supp., 456 (78 Am. Dec., 584); *Chamblee* v. *Baker*, 95 N. C., 98; *Purcell* v. *Comber*, 11 Neb., 209. But the decided weight of authority is to the contrary. Lawson on Contracts, § 470, n. 4, and authorities there cited. And it was decided at an early day in this state that an entire contract of this character could not be apportioned, and that under the circumstances named no recovery could be had by the party guilty of the breach of contract; that he could not recover on the special contract because he himself had not

performed it, nor upon *quantum meruit* because of the exist-
ence of the special contract.   *Wooten* v. *Reed*, 2 Smed. & M.,
585.   In *Hariston* v. *Sale*, 6 Smed. & M., 634, and *Robinson*
v. *Sanders*, 24 Miss., 391, it was held that an overseer's con-
tract with his employer, though made for a definite time, was
not an entire contract, and recoveries were allowed on the
common counts.

The cases relied on to support the rule announced in these
decisions were *Byrd* v. *Boyd*, 2 McCord (So. Ca.), 246 ; *Eaken*
v. *Harrison*, *Id.*, 249 ; *McClure* v. *Pyatt*, *Id.*, 26.   Of these,
the leading case is *Byrd* v. *Boyd;* the others simply follow
it.   In *Byrd* v. *Boyd*, the court evidently legislates the ex-
ception into the law, and so, in effect, declared, for, after
referring to the rule of the common law, the court proceeds
to say : " There is, however, a third class of cases for which
it is necessary to provide," and then declares that these cases
for which it is necessary for the court " to provide " are
" those where the employer reaps the full benefit of the
services which have been rendered, but some circumstance
occurs which renders his discharging the *overseer* necessary
and justifiable, and that, perhaps, not immediately connected
with the contract, as in the present case "

The South Carolina court put its dec₁ ᐟon expressly upon
the ground of expediency, and confined ᐟs effect, by neces-
sary implication, to the particular sort of ᶜ ᥉tract under con-
sideration.   Since the abolition of slavery ɾe have no such
contracts, *stricte*, as those which formerly existed between
employer and overseer, and the decisions in *Wooten* v. *Reed*
and *Hamilton* v. *Sale* have no field of operation.   The in-
structions for the plaintiff were properly given.

The defendant, who was the indorser of a promissory note
executed by one Vandiver, introduced evidence tending to
prove that, by an arrangement between Vandiver and Thayer,
Thayer was to take up the note (which was then in the
hands of a third person) for Vandiver, and Vandiver was to
render service to him by supervising his farm until the crop

should be gathered, in payment of the note. On this evidence, the defendant asked the court to instruct the jury that, if such was the contract of the parties, and if Vandiver failed to perform his contract, Thayer had a right of action against him for breach of contract, but could not recover against the defendant, the indorser on the note. The court refused the instruction as asked, but modified it by inserting therein the words, "and that Vandiver rendered the service as he contracted to do." The instruction as asked was correct, and should have been given, and the modification inserted by the court robbed it of all beneficial operation for the defendant.

The defendant was only liable secondarily on the note, and if, by the arrangement between Thayer and Vandiver, Thayer's right of action against Vandiver, the maker, was suspended, if but for a day, the indorser was forever discharged, and the mere breach of the contract by which it was suspended could not revive the obligation of the indorser. Randolph on Com. Paper, §§ 767, 768; *Case* v. *Hawkins*, 53 Miss., 702.

There is no evidence that the maker of the note was a resident of this state when the suit was brought. The question whether it was necessary for the plaintiff to have brought his action as prescribed by § 3516, code 1892, is not presented. The defendant was so clearly a non-resident of the state, and therefore subject to attachment, that we decline to consider whether the instructions of the court given on the trial of the issue made on the attachment were or were not correct. No error of law would warrant the setting aside of the verdict on that issue, in the light of the testimony.

*Judgment reversed.*