.CLYDE E. CARLOS, APPELLEE, v. HASTINGS INDEPENDENT
TELEPHONE COMPANY, APPELLANT.

FILED MAY 29, 1912. No. 16,685.

**Master and Servant: ACTION FOR SERVICES: SUFFICIENCY OF EVIDENCE.**
On a record showing that the manager of a telephone company
had received for his services $75 a month for eight months, the
evidence discussed in the opinion is *held* insufficient to sustain
a finding of the jury that the telephone company had agreed to

pay him $100 a month for the same period, the action being one to recover the balance due on a contract of employment.

APPEAL from the district court for Adams county: GEORGE F. CORCORAN, JUDGE. *Reversed.*

*R. A. Batty* and *Tibbets, Morey & Fuller,* for appellant.

*John C. Stevens* and *J. A. Gardiner, contra.*

ROSE, J.

Plaintiff was the manager of the Hastings Independent Telephone Company, defendant, from January, 1906, to February, 1907, and this is an action to recover an unpaid balance of $200 on his salary under his contract of employment. The amount of the monthly salary which defendant agreed to pay him for his services for the eight months from April to November, inclusive, was the controverted issue. What defendant in fact paid him was $75 a month. For that period he recovered in this action upon a trial to a jury a judgment for $25 a month more and interest, or $241.45 in all. Defendant has appealed.

In the form in which the record is presented for review, the judgment must stand or fall upon the sufficiency of the evidence to sustain the verdict. Plaintiff did not sue upon a *quantum meruit,* but upon a contract. In his petition he alleged that he was employed as manager December 13, 1905, that his services were to begin January 1, 1906, and that defendant agreed to pay him $75 a month "for the first two or three months, and, if the said defendant retained the plaintiff longer than two or three months, to pay him $100 for the balance of the time said plaintiff was employed by defendant." He further alleged there is due him from defendant "on said contract of employment for services rendered by the plaintiff to the defendant, from April 1, 1906, to December 1, 1906, a balance of the sum of $200." Both parties agree that plaintiff's salary for the months of January, February and March was fixed by the contract at $75 a month and paid. For the months of December and January plaintiff re-

ceived $85 a month, and this compensation is not in dispute. Defendant denied that it agreed to pay plaintiff $100 a month for the months from April to November, inclusive, but alleged his salary was $75 a month for that period. The minutes of the corporation recite that $75 a month was the salary fixed by defendant, and its vouchers show that plaintiff received that sum each month during the eight months in question and receipted in full therefor. The payment and the receipt of $75 a month are also shown by the ledger kept by defendant when plaintiff was its manager.

In view of these facts, it was incumbent on plaintiff, since he sued upon a contract of employment fixing his salary, to prove that defendant agreed to pay him for his services $100 a month from April to November inclusive. Was the contract proved? His oral testimony shows that he had previously occupied a similar position at Broken Bow. While thus employed, early in December, 1905, he attended at Hastings a meeting of defendant's directors—a board composed of five members. On the witness-stand he said he told the board at that meeting his salary at the time was $100 a month. When asked if he was getting that, he answered: "I was; yes, sir. One of the board then asked me what my object was in coming down here for $75—asked what was my object in leaving there at $100, when I was only to get $75 here. I said that this was a larger town and a larger company, with larger opportunities for me, and they finally said: 'You come as an entire stranger. All that we know is what you tell us of your experience, and you should be willing to work for a month or two for $75 per month,' until, as they expressed it, they could 'try me out;' and I told them I would under those circumstances, but that I would not consider that permanently, and that, I think, was the sum and substance of the whole conversation. They told me that they would take the matter under consideration and notify me, and I took that as indicative that they were through with me that night."

After the board meeting, defendant's manager wrote plaintiff a letter, dated December 13, 1905. Plaintiff testified it had been destroyed and was permitted to introduce the following as a copy: "Replying to your letter received yesterday, will say that our board met this morning and decided to employ you under the conditions talked over when you were here, viz., $100 per month, if they decide to retain you; and 'that Mr. Carlos be notified that the question of further advancement in salary would be dependent on the value of his services, and that it will be the purpose of the board to pay a salary which is commensurate with the value of the services rendered, and that he shall come January 1, 1906.' Please write me at once how soon you can be here, as I am anxious to be relieved, and am going to try and get out before the 20th of the month. I guess there will be some one who can look after things for a few days between our regimes."

Referring to his first meeting with the members of the board, plaintiff testified he told them what he was getting, and that he had said: "I wouldn't take less, except that I would take less for a month or so, until they found I was the man they wanted;" and, further: "I don't know as I would have any objection to working a month or so with you for that figure"—$75 a month. He testified that no particular time was fixed to begin the payment of $100 a month; that, though it was his duty to bring matters of business before the board, he never presented the question as to when full compensation should begin; that in April or May he spoke to two of the five directors about bringing the matter before the board, and that they said they would bring it up; that he "made no statement to the board at the end of three months as to why his salary should not be $100 a month."

Plaintiff is bound by his petition and by his own testimony in support of its allegations. It follows that in making his own case he has conclusively established against himself these propositions: The copy of the letter quoted did not contain the terms of his contract of em-

ployment. No contract pleaded or proved stated the
time when payment of a salary of $100 a month should
begin. Plaintiff was not to receive that amount monthly,
until, to use his own words, "they could 'try me out,' " or
"until they found I was the man they wanted." Whether
he proved to be satisfactory after a trial depended on the
will of defendant's board of directors. What plaintiff did
not prove, to entitle him to $100 a month, was that de-
fendant's board of directors "tried him out" and found
him to be satisfactory, or that they found him to be "the
man they wanted." On this issue he had discussed the
matter with two members of the board only, but was
nevertheless asked: "You understood that you had made
good and had done the work to the satisfaction of the
corporation?" This was answered: "I certainly did, be-
cause one of them said, to use his expression, that I was
entitled to my raise because I had done the work." Re-
ferring to the first day of April as the time for the in-
crease, he also testified: "I felt that from that time on,
at least, they could not have any objection to it." This
comes far short of establishing an agreement by defend-
ant that plaintiff was a satisfactory manager. That ques-
tion could not be determined by plaintiff. It could not
be settled by a mere expression of one of the directors.
There is evidence that plaintiff's services were unsatis-
factory and that efforts were being made to find a suit-
able person to take his place. The inference that he was
satisfactory, in so far as it arose from his retention, was
destroyed by undisputed evidence. The minutes of the
corporation for which he was manager recited that his
salary was $75 a month. If the ledger kept under his
supervision spoke the truth, it showed the same fact. He
received that amount monthly and gave a receipt in full.
Though he testified the time for receiving his increase was
not definitely fixed by the contract, he never brought the
matter to the attention of the board until he contemplated
resigning. He knew there was discord among the mem-
bers of the board, and he was warned by one of the di-

rectors, after the 1st of April, that an opportune time to present the matter of increasing his salary had not arrived. It is clear he did not prove that defendant agreed to pay him $100 a month from April to November, inclusive. It follows that the evidence is insufficient to support the verdict.

The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

.FILED JUNE 25, 1912.

HAMER, J., dissenting.

I am unable to agree with the majority opinion. A statement touching the facts and evidence is contained in that opinion. It appears that the plaintiff brought an action to recover an alleged unpaid balance of $200 on his salary. He sought to recover for his services for the eight months from April to November, 1906. He recovered upon a trial to a jury a judgment for $241.45. The majority opinion holds that the evidence is insufficient to sustain the verdict. It is said in that opinion that "plaintiff did not sue upon a *quantum meruit*, but upon a contract." Whether he sued upon a *quantum meruit* or upon a contract ought not to make much difference touching his right to recover, so long as he sued for his wages during a given period when his employment is undisputed, and the fact that he worked for the company and that the company received the benefit of his services is not denied. It is, to the mind of the writer, a rather technical distinction which would deny a plaintiff pay for his services because his petition set up a contract at so much per month instead of alleging the reasonable value of his services for the time he was employed. The majority opinion says: "Both parties agreed that plaintiff's salary for the months of January, February and March was fixed by the contract at $75 a month and paid. For the months of December and January plaintiff received $85 a month, and this compensation is not in dis-

pute." The opinion says the minutes of the corporation recite that $75 a month was the salary fixed by the defendant, and its vouchers show that plaintiff received that sum each month during the eight months in question. The plaintiff testified that he had previously been in a similar position as manager of a telephone company at Broken Bow; that he was present at a meeting of defendant's directors at Hastings in December, 1905, and that he told the board at that meeting that he was then drawing a salary of $100 a month, but that Hastings was a larger town and there were larger opportunities for him there, and that it was agreed that he should work for a month or two at $75 a month until the company could try him out; but the plaintiff testified that he told the directors of the company that he would not consider $75 a month as a permanent salary. They told him that they would take the matter under consideration and notify him.

After the meeting of the board the manager of the defendant company wrote the plaintiff a letter, in which it was said: "Our board met this morning and decided to employ you under the conditions talked over when you were here, viz., $100 per month, if they decide to retain you." The plaintiff went to Hastings and then went to work for the company. It seems that no particular time was fixed to begin the payment of $100 a month. He seems to have spoken to two of the five directors of the company about bringing the matter up before the board, and he testified that they said that they would bring it up. In the language of the plaintiff, he was not to receive that amount monthly until "they could 'try me out,' " or "until they found I was the man they wanted." It is said in the opinion that the plaintiff did not prove that the defendant's board of directors "tried him out," or that they found him to be satisfactory, or to be "the man they wanted."

In answer to this contention, it appears that they kept him, and that he worked eight months in addition to the time for which he claims he was fully paid. It is the

belief of the writer that, if the telephone company kept him without discharging him, it should have paid him what he expected to receive—$100 a month—or, in any event, a reasonable compensation for his services. He was not discharged, and presumably he was kept because he was more or less "satisfactory." In *Parcell v. Mc-Comber*, 11 Neb. 209, the plaintiff agreed to work a year for the sum of $195, and he worked five months, and then sued for his wages. It was held that he could recover the actual value of his labor not exceeding the rate agreed upon, less any damage sustained by his employer by reason of the plaintiff's failure to work the entire year. In that case, as in this one, part of the money was paid as the work was performed. In *Burkholder v. Burkholder*, 25 Neb. 270, one brother agreed with another to continue in his service five years, when the brother was to give him a span of horses, wagon and harness. He failed to work the entire time, and it was held that, being susceptible of computation, a reference would be ordered to determine the amount of the deduction to be made. In *Harrison v. Hancock*, 2 Neb. (Unof.) 522, it was held that the reasonable value of the plaintiff's services should be allowed to him, although the contract had been abandoned by him. The same principle is announced in *Murphy v. Sampson*, 2 Neb. (Unof.) 297; *Harrison v. Hancock*, 2 Neb. (Unof.) 522. In *Small v. Poffenbarger*, 32 Neb. 234, the petition alleged that there was due from the defendant to the plaintiff for laborer's wages for work and labor done and performed by the plaintiff for the defendant at her request during the years 1886, 1887 and 1888 the sum of $466.55, no part of which had been paid. Held to state a sufficient cause of action, although subject to a motion to make more definite and certain.

It would seem to have been the policy of our courts to allow the person employed reasonable compensation for his services, whatever the bargain may have been, and without reference to a strict construction of the contract. It would seem that, if the telephone company permitted

38

the plaintiff to remain in its employ under circumstances which justified him in believing that he was going to be paid $100 a month, then it should have paid him that sum; and, if the company kept him under circumstances inducing him to believe that he would receive a raise in his wages, then it should have paid him a reasonable compensation for his services, without reference to the contract, and that no technical rule of pleading should be invoked, even though severely correct.

I am of the opinion that the judgment should be affirmed, or, if reversed, that it should be with instructions for a reference to determine the amount of a reasonable compensation and to render judgment thereon for the plaintiff. It may be that the latter is contemplated by the majority opinion, although it is not so stated, and for this reason I make this contention so that the plaintiff may be apprised of his possible rights.