GREENWOOD LUMBER CO. *et al. v.* LANHAM.

[91 South. 703. No. 22397.]

1. WORK AND LABOR. *One contracting to furnish materials and labor to complete a job cannot abandon the work and recover on a quantum meruit.*

One who contracts to furnish the materials for and perform the labor necessary to complete a plumbing job in a residence for a fixed sum cannot abandon the work and recover on a *quantum meruit*, for such a contract is an entirety and cannot be apportioned, and no recovery can be had thereon by the party guilty of its breach; he cannot recover on the contract because

he has failed to perform it, nor can he recover upon a *quantum meruit* because of the existence of the contract.

2. WORK AND LABOR. *Party completing plumbing job which is accepted, and, after owner's default in payment, removing part of fixtures is in same position as if never having completed it, and cannot recover.*

And that principle of law applies to such a contract where the plumber has completed the job according to contract, which has been accepted by the owner of the residence; and where, upon default by the latter in the payment of the contract price, the plumber without the consent of the owner of such residence goes therein and tears out and takes away and appropriates to his own use a large part of said fixtures, and then sues such owner of the residence on the contract for the contract price; under such facts said plumber's attitude is as if he had never completed said contract. He must stand on his contract and the remedy of force adopted by him for its enforcement.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Suit by Joe Lanham against the Greenwood Lumber Company and others. Judgment for the plaintiff, and the defendants appeal. Reversed, and judgment for appellants.

*Alfred Stoner,* for appellant.

Can Lanham Recover on an Indivisible Contract When It Did Not Stand Completed at the Time of the Filing of the Suit? The court will observe that Lanham's contract with appellant, Haman, was indivisible. Mr. Lanham, by that contract, contracted to do a certain thing for a certain price, but at the time that he brought his suit his contract did not stand more than one-third completed. We submit that Lanham could not call on appellant, Haman, for the contract price until the contract was fulfilled. *Timberlake* v. *Thayer* (Miss.), 14 So. 446; *Butt* v. *Williams,* 15 So. 130.

We confidently submit that Mr. Lanham, appellee, is necessarily in exactly the same situation toward appellants as if he had never completed the work. *Wooten* v. *Read,* 2

Smedes & M. 585.  For additional law on the point that the contract must be complete before the bringing of the suit, see 9 Cyc, 749; *Drake* v. *Surget,* 36 Miss. 458; *Robinson* v. *Sanders,* 24 Miss. 391; *Robinson* v. *Delong,* (Miss.), 79 So. 95, 118 Miss. 280; Anson on Contracts, at page 365.

It is unquestionably the law that where plaintiff wilfully claims more than is actually due him, he forfeits his materialman's and laborer's lien.  1 R. 2 & 3, also R. 23; 20 Am. & E. Ency of Law (2 Ed.), 507; *Nancolas et al.* v. *William Hataffer, et al.,* 12 L. R. A. (N. S.) 864; *Williams* v. *Torledo Coal Co.,* 25 Ore. 426, 42 Am. St. Rep. 799, 36 Pac. 159; *Peatman* v. *Centerville Light, Heat & P. Co.,* 105 Iowa, 1, 61 Am. St. Rep. 276, 74 N. W. 689; *Wharton* v. *.. cal Estate Invest. Co.,* 180 Pa. 168, 57 Am. St. Rep. 629.

We respectfully submit that the cause should be reversed and judgment entered here for appellants.

*W. M. Whittington,* for appellee.

The matter of an indivisible contract has nothing to do with this case, and the cases of *Timberlake* v. *Thayer,* 14 S. & M. 585, are not in point.  Lanham abandoned nothing. He completed his contract.  It was accepted by Haman. The house was occupied by Haman.  The third instruction asked by the appellants was absolutely erroneous, for it announces the novel proposition that if a part of an indebtedness has been paid, the debtor is relieved of further liability.

The Rights of Joe Lanham, Appellee, Were Not Affected by the Suit Filed by the Greenwood Lumber Company in October, 1919, or the Judgment Recovered in November, 1919, or the Purchase Under Execution Sale on January 5, 1920.

This case is covered by the case of *Buntyn* v. *Shippers Compress,* 63 Miss. 94.  The opinion is short.  Judge CAMPBELL held in rendering the opinion in that case that the law requires all persons claiming liens on the same property be made parties to a suit to enforce a mechanic's

lien, and any lienor not thus made a party is unaffected by proceedings, in any cause to which he is a stranger. Lanham was not bound or affected by the judgment rendered in November, 1919, under which the Greenwood Lumber Company claims title to the property. In the Buntyn case, there was a prior judgment, a prior sale under the judgment and a claim by the purchaser at the sale, but Buntyn was a lienor and as he was not a party to the suit, he was not affected by the judgment and sale under it.

I say in conclusion that Lanham was not a party to the suit filed by the Greenwood Lumber Company referred to in their answer to his petition, that he is not affected by the judgment in this suit and by the sale under it.

The Greenwood Lumber Company, in our humble judgment, ought to have propounded their claim when they were summoned to appear in the case at bar in the court below, and if they had done so, and if they had proven their claim and had asked for a lien on the property, there would have been no contention on our part that their lien would not have been concurrent with ours and that the property of Haman should not be sold to satisfy both liens, but we repeat that they did not adopt this course. The Greenwood Lumber Company is the victim of its own folly and the court below could not give them that for which they themselves did not ask.

We respectfully submit that the judgment of the court below should be affirmed.

Anderson, J., delivered the opinion of the court.

Appellee, Joe Lanham, instituted a proceeding in the circuit court of Leflore county under chapter 81, Code of 1906, section 3058 et seq. (Hemingway's Code, chapter 44, section 2418 et seq.), to establish a mechanic's lien on a residence and lot owned, when the materials were furnished and the work done for which appellee brought this suit, by appellant, J. B. Haman, and later, and at the

time of the trial, by appellant Greenwood Lumber Company, and recovered a judgment, from which appellants prosecute this appeal.

Appellant Haman, then the owner of the house and lot on which a mechanic's lien was sought to be established, on July 15, 1919, entered into a contract in writing with the appellee, Lanham, by which the latter agreed to furnish and install in the residence of the former, which was then being built, all of the usual plumbing fixtures, consisting of bath tub, lavatory, closet, sink, faucets, heater, etc., for which the appellant Haman agreed to pay when completed, according to contract, the sum of four hundred dollars. It is shown by the evidence that appellee completed the contract, and the job was accepted by appellant Haman, who thereupon moved into the residence. Later the appellant Greenwood Lumber Company became the owner of the residence.

In the absence of appellant Haman and family, appellee went into his (Haman's) residence by means of raising a window, and tore out and carried away all the fixtures which he had installed therein under said contract which could be removed, and after doing so instituted this mechanic's lien proceeding to recover the whole contract price of four hundred dollars. It was shown on the trial that the value of the fixtures so removed by the appellee was one hundred and thirty-two dollars. At the conclusion of the evidence the court instructed the jury peremptorily to return a verdict for the appellee for two hundred and sixty-eight dollars with interest, being the amount sued for less the value of the said fixtures so removed.

Appellants assign that action of the court as a ground of error, as well as the refusal by the court of instruction No. 2 asked on behalf of the appellants, which, under the evidence in the case, amounted to a peremptory instruction to the jury to find for appellants. Appellants contend that appellee was not entitled to recover because he had not complied with his contract.

We believe the authorities are unanimous in holding that a contract of this character is an entirely, and cannot be apportioned, and that no recovery thereon can be had by the party guilty of its breach. He cannot recover on the contract itself because he has failed to perform it, nor can he recover upon a *quantum meruit* because of the existence of the contract. One who contracts to furnish materials and do labor for a fixed sum cannot abandon the work and recover for the labor performed and materials furnished. *Timberlake v. Thayer,* 71 Miss. 279, 14 So. 446, 24 L. R. A. 231; *Butt* v. *Williams* (Miss.), 15 So. 130; *Wooten* v. *Read,* 2 Smedes & M. 585. Applying this principle to the present case, it seems plain that the appellee was not entitled to recover. It cannot be said that he had performed the contract.

It is true the contract had been completed by him, and he was entitled to the contract price up to the time he took the law in his own hands and went into the residence of appellant Haman and tore out and took away part of the fixtures he had installed. But when he did that it amounted to undoing what he had theretofore completed. In other words, after the appellee had removed the larger part of the fixtures in the manner stated, the contract was incomplete so far as he was concerned. The fact that appellant Haman was in default in making payment for the work done and materials furnished did not give appellee license to do what he did. He had his remedy under the law, and should have pursued it. He adopted instead the might of his own good right arm, and, wherein that remedy failed him, he must stand the loss. This is a case where the appellee must stand on his contract, as well as on the remedy for its enforcement first adopted by him. If these have proven inadequate, he has no one to blame but himself. It follows from these views that the trial court erred in directing a verdict for appellee, and in refusing to give instruction No. 2 asked by appellants, which in substance was a peremptory instruction for appellants.

Reversed, and judgment here for appellants.

*Reversed.*