## F. F. CASE, RECEIVER, ETC. v. B. K. HAWKINS.

1. BILLS OF EXCHANGE. *Accommodation drawer and indorser. Remittitur of judgment against acceptor.*

    H. drew and indorsed a bill of exchange on A. for the accommodation of the latter, who discounted it at a bank. *Held,* a *remittitur* by the bank of a judgment on the bill against A. discharged H. from liability as drawer and indorser.

2. CONTRACT. *Consideration. Remittitur of judgment.*

    The payment of costs and dismissal of an appeal by the defendant in a judgment is a sufficient consideration for an agreement by the plaintiff to enter a *remittitur* in full, and the defendant would be discharged whether the *remittitur* was entered or not.

3. EVIDENCE. *Contract. Remittitur of judgment.*

    A verbal contract by the plaintiff with the defendant in a judgment to enter a *remittitur* of the judgment may be proved by parol testimony, notwithstanding the *remittitur* is proved by the entry on the record of the judgment.

4. CORPORATION. *President of bank. Authority to contract.*

    The president of a bank may contract, on sufficient consideration, with the defendant in a judgment in favor of the bank, to enter a *remittitur* of the judgment.

5. ATTORNEY AND CLIENT. *Remittitur of judgment. Verbal authority. Corporation.*

    Verbal authority from the plaintiff is sufficient to empower his attorney of record to enter a *remittitur* of a judgment; and if the plaintiff is a corporation, verbal authority from its president is sufficient.

6. REMITTITUR OF JUDGMENT. *How made.*

    A *remittitur* of a judgment is formally entered by the attorney for the plaintiff, if written across the face of the judgment on the record thereof.

ERROR to the Circuit Court of Copiah County.

Hon. URIAH MILLSAPS, Judge.

This is an action of assumpsit by F. F. Case, receiver of the Crescent City Bank of New Orleans, La., against Benjamin K. Hawkins, on a draft for $2,700, dated New Orleans, March 16, 1861, drawn on S. H. Aby by said Hawkins, payable to the order of the drawer, and by him indorsed in blank, and accepted by Aby.

The facts are that the draft was drawn and indorsed by Hawkins for the accommodation of Aby, without consideration, and delivered to Aby, who wrote his acceptance on the draft, and negotiated and sold it to the bank for his (Aby's) own use ; that the bank sued Aby afterwards on the draft, and recovered judgment thereon against him in the Fifth District Court for the parish of Orleans, in the State of Louisiana, for the amount of the draft, interest and costs of suit; that Aby, the judgment being thought erroneous, appealed to the Supreme Court of Louisiana, and, while the appeal was pending and undetermined, the bank, by its president, agreed with Aby verbally that, if Aby would pay the costs, the bank would release, acquit and discharge him from all further liability whatsoever on account of the acceptance or non-payment of the draft.   Accordingly, the bank, by attorney, entered a *remittitur* in full of the judgment, except the costs, by writing it across the face of the judgment, on the record thereof; and Aby paid the costs and dismissed his appeal.

It was proved by parol testimony that Aby made the contract, before the receiver took charge, with the president of the Crescent City Bank, who verbally authorized the bank's attorney to enter the *remittitur*, and that Aby paid the costs and dismissed his appeal ; and the *remittitur* was proved by the record showing the written entry thereof.  Whereupon the plaintiff moved to suppress all the testimony and evidence relating to the contract, except the written *remittitur*, because a contract cannot rest partly in parol and partly in writing, and because it is incompetent for the defendant to show by parol the understanding and intention of the parties, outside of the written *remittitur ;* which motion was overruled, and the plaintiff excepted.

From a verdict and judgment for the defendant the plaintiff brings the case here.

*S. J. Morehead*, for the plaintiff in error.

1. The compromise was without consideration, and was a mere myth, without foundation, and binding on nobody, and was no release of Hawkins, even if valid.

(1.) It was not a compromise of an unliquidated or doubtful claim; for the amount and liability were fixed by the bill

of exchange. 1 Smith's Lead. Cases, 451, 470, and cases cited; *McDaniel* v. *Lapham*, 21 Vt. 223, 224; *Lamb* v. *Goodwin*, 10 Ired. 320; *Donohue* v. *Woodbury*, 6 Cushing, 150.

(2.) There was no liability at all on Aby. The judgment was erroneous, and the claim was barred. No consideration, certainly, was received by the bank. A compromise of this kind amounts to nothing. *Edwards* v. *Baugh*, 11 M. & W. 644; *Kaye* v. *Dutton*, 7 M. & G. 807; *Sherman* v. *Barnard*, 19 Barb. 302. It could not operate to discharge the other parties to the bill. Chitty on Bills (9th Am. ed.), 342; 1 Lord Raymond, 65.

(3.) A discharge by prescription is a discharge by operation of law, and does not discharge other parties to a bill. Story on Bills of Exchange (4th ed.), § 265, and cases cited, and § 435, and cases cited; Byles on Bills (4th Am. ed.), 537. A release subsequent to a prescription is a *nudum pactum*. *Hogins* v. *Plympton*, 11 Pick. 97; 2 Am. L. C. (3d ed.) 121–127.

(4.) Hawkins could not avail himself of the *remittitur*, unless made by the plaintiff on consideration, and accepted by Aby, when he was chargeable. *Parker* v. *Leigh*, 2 Stark. 228.

(5.) The bank had no *notice* that Hawkins was surety only; and hence their release of Aby, if valid, could not release Hawkins. The only evidence of the agreement or its performance before the court is the *remittitur;* and that disclosed nothing but the simple fact of the release of the judgment. A contract cannot rest partly in parol and partly in writing; and the motion to suppress should have been sustained. *McGuire* v. *Stevens*, 42 Miss. 730; *Waul* v. *Kirkman*, 27 Miss. 826, 827.

2. The attorney of the bank could not enter the *remittitur.* B. & S. Dig. 85, §§ 25, 33, and 86, § 36; 8 Johns. 366; Walker, 434; 1 Parsons on Contracts, 117, note; *United States* v. *Curry*, 6 How. 106; 1 Pick. 350; 14 Pet. 88; 7 Gratt. 138; *Smith's Heirs* v. *Dixon*, 3 Met. (Ky.) 438; *Railey* v. *Bagley*, 19 La. Ann. 172; *Edwards* v. *Blake*, 5 Pet. 18; *Evans* v. *Bank*, 10 S. & M. 58; *Jackson* v. *Bartlett*, 8 Johns. 361; 7 S. & M. 26; 11 S. & M. 273; 10 Johns. 120.

3. The corporation could not contract, save by its seal or

vote of its directors. There is no proof of any power to contract vested in the president. Angell & Ames on Corp. 174, and cases cited; 8 Gill & J. 248; 35 Miss. 388. And it may deny its power to make the contract. *Hood* v. *N. Y. & N. H. Railroad Co.*, 22 Conn. 502–511; *Harrison* v. *McHenry*, 9 Ga. 164; *Abbott* v. *Baltimore Steam Packet Co.*, 1 Md. Ch. 542. The *remittitur* is void, therefore, for want of authority, and the verbal contract of the president not binding on the bank.

4. There is no evidence of a valid *remittitur*. The entry signed by the attorney is no part of the record : he was not a party to the suit. *Kennon* v. *McRoe*, 2 Porter, 400. A release of a judgment must be under seal. *Rosevelt* v. *Stackhouse*, 1 Cow. 122. A parol release without payment is no extinguishment. *Crawford* v. *Millspaugh*, 13 Johns. 87 ; *Sigourney* v. *Sibley*, 21 Pick. 101; 8 Johns. 372 ; 1 Sm. L. C. 464–469.

*H. B. Mayes*, for the defendant in error.

1. *English* v. *Darley*, 2 Bos. & Pul. 61, is cited as a case in point by the defendant (plaintiff in error).

In this case Lord Eldon said, " As long as the holder is passive, all his remedies remain," &c. But, " if a holder enter into an agreement with a prior indorser in the morning, not to sue for a certain period of time, and then oblige a subsequent indorser in the evening to pay the debt, the latter must immediately resort to the very person for payment to whom the holder has pledged his faith that he should not be sued," &c. " We all remember the case where Mr. Richard Burke, being co-surety for an annuity, the grantee gave time to the principal, and yet argued that Mr. Burke was not relieved thereby, though the principal was ; but it was answered that the grantee could make no demand upon the co-surety, because he must by so doing enforce a payment from the principal contrary to the agreement." So to the demand on Hawkins for payment, we answer, that he must enforce payment out of Aby, *contrary to the agreement of the plaintiffs.* To the same effect see Chitty on Bills, § 2, c. 9 (9th American from 8th London edition), pp. 441, 442, which treats of " the effect of giving time to or releasing the acceptor," &c. See id., American cases cited in note 1, p. 442, above ; Story on Bills, § 425 ; *Clark* v. *Devlin*, 3 Bos. & Pul. 365 ; *Gould* v. *Robson*,

8 East, 576; *Ex parte Wilson,* 11 Ves. Jr. 410; *Ex parte Smith, Re Lewis & Potter,* 3 Bro. Ch. 1.

2. If the motion to suppress had been sustained, the result should have been the same; for it appeared by the testimony of Hawkins, and otherwise, that the draft sued on was the same on which the acceptor Aby was sued in the Fifth District Court, and the judgment thereon against Aby "*unreversed*" and *remittitur* entered, and certified by the clerk under the seal of said court with the record, and *as a part of it,* would have made complete and effectual the defence of Hawkins.

3. Suppose no defence of prescription in the Fifth District Court had been made by Aby, could it be said the *remittitur* discharged him from the obligation of the judgment, and not from the obligation of the evidence of indebtedness which authorized the judgment. There is no evidence to show the claim was barred. The effect of the *remittitur* is a release from the obligation appearing in the record and adjudicated by it.

4. A *remittitur* entered is part of the record. Counsel may enter it. *Pickett* v. *Ford,* 4 How. 246; *Bank of Kentucky* v. *Ashly,* 2 Pet. 328, and authorities.

CAMPBELL, J., delivered the opinion of the court.

The acceptor of the bill of exchange was the party primarily liable for its payment, and while the holder had the right to look to all the parties to the bill as equally liable to him, the drawer and indorser (Hawkins) was, as between himself and the acceptors, a mere surety; and while it is true that a discharge of the principal by the act of the law from the claim of the creditor will not operate to discharge the surety, a release of the principal by the *act of the creditor* will discharge the surety. The bill of exchange was merged in the judgment obtained upon it in the Fifth District Court, as between the parties to that judgment, and the discharge of the judgment by the entry of a *remittitur* by counsel for the plaintiff, under his authorization, discharged the acceptor (Aby) from all liability on the bill of exchange, and that discharged the drawer and indorser.

The dismissal or abandonment (equivalent terms under the facts of this case) of his appeal by Aby, and payment of costs,

were a sufficient consideration for the agreement of the plaintiff to discharge Aby. Payment of costs and abandonment of his appeal constituted *accord and satisfaction;* and, if a *remittitur* had not been entered upon the judgment, Aby would have been discharged. A *remittitur* was formally entered by the attorney for the plaintiff, by authority from the president of the bank, who had the power to make the contract with Aby. Morse on Banks and Banking, 129. And the testimony of the contract, by authority of the president of the bank, for the discharge of Aby from the judgment, and the consummation of that contract by the entry of the *remittitur,* was competent, and the motion to suppress it was properly overruled.

*Judgment affirmed.*