## STATE v. NEWSON *et al.*

This action was instituted in the name of the state, as plaintiff, upon a bail bond given by the defendants in a criminal action. A demurrer to the complaint was interposed by the defendants, which was, by the court, on motion, stricken out as frivolous, and judgment rendered for the plaintiff. *Held,* that the demurrer was so clearly and plainly without merit that the court was justified in treating it as frivolous, and rendering judgment upon the complaint.

(Syllabus by the Court.   Opinion filed March 4, 1896.)

Appeal from circuit court, Pennington county. Hon. WM. GARDNER, Judge.

Action upon a bail bond. Plaintiff had judgment and defendants appeal. Affirmed.

The facts are stated in the opinion.

*Chauncey L. Wood* and *Chas. J. Buell,* for appellants.

The county was the real party in interest, in whose name the action should have been brought. Sacramento County v. Bird, 31 Cal. 67; Young v. Sexton, 48 Ala. 311; Lehow v. Sexton, 3 Colo. 346; Hoagland v. Van Etten, (Neb.) 35 Neb. 869; Weaver v. Trustees, 28 Ind. 120; Robbins v. Devrill, 20 Wis.

157; Stilwell v. Hurlburt, 18 N. Y. 374; Newport v. Taylor, 16 Ben Monroe, 781; Herschfelt v. Mitchell, 54 Ala. 419.

A frivolous plea is one "so clearly and palpably bad as to require no argument or illustration to show its character; one which would be pronounced frivolous and indicative of bad faith in the pleader, on bare inspection." 18 Am. & Eng. Ency. Law, 504; Cottrell v. Cramer, 40 Wis. 555; Metzer v. R. R. Co., 21 N. Y. S. 676; Cook v. Warren, 88 N. Y. 39; Strong v. Spowel, 53 N. Y. 497; Young v. Kent, 46 N. Y. 672.

*James Boyd*, State's Attorney, for respondent.

A bail bond in a criminal case is a contract for the direct payment of money, within the meaning of the statute. S. F. v. Brader, 50 Cal. 506; Hathaway v. Davis, 33 Cal. 161.

A demurrer that has never been argued must be held to be waived. 25 Cal. 277; 84 Cal. 233; 24 Pac. 107. The demurrer was clearly frivolous. People v. Eckman, 18 N. Y. S. 656; Dist. No. 110 v. Flick, 60 Cal. 403; Miller v. Luco, 80 Cal. 257; Shumnor v. Leaky, 8 Pac. 12; 22 Pac. 195.

CORSON, P. J. This is an action instituted in the name of the state against the defendants, upon a bail bond executed by William J. Newson, and Hayes and Murphy, as sureties, to recover $1,000, the amount of said bond. The bond was given in a criminal proceeding in a justice court, wherein said Newson was charged with the crime of grand larceny, to secure his appearance to answer to said charge in the circuit court of Pennington county. An indictment having been found against said Newson in the circuit court, and he having failed to appear and answer, his bond was duly forfeited, and this action commenced thereon. To the complaint the defendants interposed the following demurrer: "That it appears on the face of said complaint that the plaintiff has not legal capacity to sue; (2) that said complaint does not state facts sufficient to constitute a cause of action in favor of the said plaintiff, and against these defendants." The state's attorney, upon due

notice, moved the court for judgment upon the pleadings, on the ground that the demurrer was frivolous. Said motion was granted, and judgment rendered for the plaintiff, and from this judgment the defendants appeal.

The learned counsel for the appellants contend that the court erred in treating the demurrer as frivolous, as it raised an important question of law not heretofore decided in this state, namely, whether the county or the state is the proper party in such an action. They further contend that the money when collected on the bond in suit will belong to the county, and hence it, and not the state, is the real party in interest, and should have been made the party plaintiff. The bail bond in suit was properly executed to the state. Comp. Laws, § 7608. When such a bail bond is forfeited, it is made the duty of the state's attorney to proceed with all due diligence to collect the same, by action against the bail. Id. § 7611. There is no provision in the statute requiring the state's attorney to proceed in the name of the county. The bail bond in this case is in the usual form, and stipulates that, if said Newson fails to perform either of the conditions therein specified, the defendants will pay the state of South Dakota the sum of $1,000. The county of Pennington is not named or referred to in the bond, and if appellants' theory is correct, that the money, when collected, will belong to the county, the action is properly prosecuted in the name of the state, under the last clause of Sec. 4872, Comp. Laws, which provides "that the trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." The exception contained in Sec. 4870 must not be overlooked. The first clause of the section reads: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in Sec. 4872." Under the provisions of the latter section, a party with whom or in whose name a contract is made for the benefit of another is to be construed as the trustee of an express trust, and is expressly

authorized to sue.    And when the contract is in writing, as in the case at bar, it seems to be too clear for argument or the citation of authorities that the state is a proper party plaintiff. Hudson v. Archer, 4 S. D. 128, 55 N. W. 1099.    Whether or not the county, as the beneficiary, could also maintain the action in its own name, it is not necessary now to decide.    No objection seems to have been taken to the complaint in any other respect; and we conclude, therefore, that the court committed no error in holding the demurrer as frivilous, and rendering judgment for the plainttff upon the complaint.    The judgment of the circuit court is affirmed.