## STATE v. DAVIS *et al.*

A board of county commissioners has power, in the absence of fraud or collusion, to compromise a disputed claim of the county after judgment and pending appeal, by the acceptance of less than the amount of the judgment.

(Opinion filed June 22, 1898.)

Appeal from circuit court, Marshall county.  Hon. A. W. CAMPBELL, Judge.

Action by the state against David Davis and Charles F. Schnepf, upon a forfeited undertaking in a criminal proceeding.  From an order overruling a motion to set aside the satisfaction of a judgment obtained on the forfeited undertaking the state appeals.  Affirmed.

The facts are stated in the opinioh.

*A. Sherin,* (States Attorney Marshall county) for Appellant.

The board of county commissioners had no power to settle or compromise the judgment.  Commissioners v. Barnes 30 Am. Corp. Cases 403; Stewart v. Otoe County 2 Neb 177; Railroad v. Washington Co. 3 Neb. 42; McCan v. Otoe Co. 9 Neb. 324; Dillon Minn Corp. § 621; Bland v. Orr 10 S. W. 558.  The bond run to the state of South Dakota, and Marshall county could not compromise it.  The county was not a party.  State v. Newson 66 N. W. 468.

The states attorney was the proper party to act and the authority to act being placed in him by statute the commissioners cannot interfere.  Edgar Co. v. Mayo 3 Ill. 82; Conger v. Board 48 Pac. 1064; Russell v. State 40 S. W. 69; Addison v. Martin Co. 21 O. 575.

*Byron Abbott,* for respondent.

The board of county commissioners had power to compromise the judgment.  23 Am. & Eng. Enc. of Law 234, 127; Comp. Law §593; Collins v. Welch 58 Ia. 72; 4 Am. & Eng. Enc. of Law 379; 15 Id. 1050; 3 Id. 331; Larned v. Dubuque 53 N. W. 105.

FULLER, J.   This appeal is from an order of the circuit court overruling a motion made by the state's attorney of Marshall county to set aside the satisfaction of a judgment of $300, obtained upon a forfeited undertaking in a criminal proceeding, and which the board of county commissioners compromised upon the payment of $100.   On a question of practice, an appeal by the judgment debtor had been dismissed from this court, and steps were being taken to perfect a second appeal when the settlement was effected, which. it is claimed, was for the best interests of the county, and after reputable counsel had advised the commissioners that the appeal would probably result in reversal of the judgment compromised.   The question therefore is:   Has a board of county commissioners, in a case like this, power to compromise a disputed claim that has been reduced to judgment, by the acceptance of less than the amount for which the same was rendered?   As a general proposition, a judgment is not a conceded finality until the time for taking an appeal has expired; and an agreement between the real parties in interest to give and take, in the way of settlement and to avoid further litigation, something less than the amount of such judgment, is valid and enforcible. Neal v. Handley (Ill. Sup.) 6 N. E. 45; Hendrick v. Thomas, 106 Pa. St. 327; Case v. Hawkins, 53 Miss. 702; Clay v. Hoysradt, 8 Kan. 74; 2 Freem. Judgm. 463.   As in this state (Comp. Laws, § 5343) ''an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time 'for appeal has passed,'' the power of the board, without fraud or collusion, to compromise a suit of this character. is the sole subject of inquiry.   Although such actions are properly prosecuted by the state's attorney in the

name of the state, the entire expense is paid by the county, as the real party in interest, and the forfeiture imposed as a penalty for the failure of the accused to appear according to the terms of his recognizance must be paid, as soon as collected, into the treasury of the county, to be added to the county general fund, the state recovering no part thereof. Comp. Laws, §§ 2224, 6984, 7611; State v. Newson, 8 S. D. 327, 66 N. W. 468. Moreover, were the statute silent, "money in the county treasury is presumptively the money of the county, * * * and will be held to belong to the county until the contrary is shown." Sacramento Co. v. Bird, 31 Cal. 67. Each organized county "may sue and be sued, plead and be impleaded, in any court of this state"; and it is expressly made the duty of the county commissioners to institute civil actions "for and on behalf of the county," to assess and collect a sufficient amount of revenue to pay off and discharge judgments obtained against the county," and "they shall superintend the fiscal concerns of the county, and secure their management in the best manner." Comp. Laws, §§ 572, 573, 591, 593. While county commissioners can only exercise powers expressly conferred by statute, and such as are necessary to the proper performance of their imposed duties and trusts, they are the general agents of the county, clothed with express power to sue and be sued; and the exercise of such power carries with it, by necessary implication, authority to compromise, in an honest manner, a claim in favor of or against the county. The county was the real party in interest, and, through the only agency in existence had the right, for the public good, to compromise and avoid the hazard and expense of further litigation Collins v. Welch, 58 Iowa, 72, 12 N. W. 121; Agnew v. Brall, 124 Ill. 312 16 N. E, 230;

People v. Board of Sup'rs of City and County of San Francisco, 27 Cal. 655; Town of Petersburg v. Mappin, 14 Ill. 193; Supervisors v. Birdsall, 4 Wend. 454; Railway Co. v. Anthony, 73 Mo. 431.   As said by the court in Board v. Bowman, 4 Lans. 31: "It would be a most extraordinary doctrine to hold that, because a county had become involved in a litigation, it must necesserily go through with it to the bitter end, and has no power to extricate itself by withdrawal or by agreement with its adversary." The board having power to do whatever the county, if capable of rational action, might do as an entity, and being charged with the control and management of its fiscal concerns. it is very evident, in the absence of an express grant of authority from the legislature, that the state's attorney is not, as maintained in his brief, the officer clothed with exclusive jurisdiction in all matters pertaining to the compromise of a suit upon a forfeited undertaking.   Of course, where the debtor is solvent, the board cannot without fraud thus discharge an obligation concerning the validity of which there is no question; but where, as in this case, the claim is in doubtful litigation, and a compromise made by the board is fully sustained by the court, before whom all proceedings were had, we would most reluctantly disturb such action on appeal.   As the record presents nothing to justify a reversal, the order appealed from is affirmed.