MULLEN & ROUKE, Respondents v. DWIGHT et al, Appellants.

(173 N. W. 645).

(File No. 4399.   Opinion filed July 22, 1919).

1. **Actions—Jurisdiction of Circuit Court—Recovery re Construction of State Normal Buildings—Board of Regents, Suit Against, Whether Against State**

A suit against the state board of regents of education to recover for construction of a power house, alterations and repairs in the buildings of a state normal school, is a suit against the state and the circuit court has no jurisdiction of such an action.

2. **Actions—State, Whether Suable in Its Courts Without Consent—Rule.**

It is a fundamental principle of government that a state, being sovereign, cannot be sued in its own courts without its consent, and then only in the cases, manner and courts prescribed by it.

3. **Actions—Action, Proceeding, Against State Officers, Agencies, Whether Suits Against State—Party, Whether Controlling Factor.**

Many actions and judicial proceedings may be instituted in courts having jurisdiction against state officers and state agencies, which are not actions or suits against the state; one against state officers to compel them by mandamus or other similar process, to perform official duties purely ministerial, not involving exercise of discretion or political or governmental power, is not a suit against the state, and may be maintained without its consent; and state officials may be restrained or prohibited by appropriate action or procedure, in any court having jurisdiction, from performing unlawful acts as such officials, without consent of the state, such procedure not being a suit against it. **Held,** further, that whether a particular suit is one against the state is not always determinable by reference to nominal parties of record, and the fact that the state is not named as party defendant is not conclusive that the suit is not one against the state; and a suit in form against a state official may be in fact one against the state, although the state is not a party to the record.

**4.  States—State Owned Educational Property, Construction Claims, Payment for With State Funds—Normal School Property, Board of Regents as State Agent, Liability Of—State Auditor, Treasurer, Functions of re Payment—Corporate Agency Distinguished.**

Title to state owned educational property, such as normal school buildings, is ' in the state, not board of regents; and funds appropriated to pay contractual obligations of said board concerning such property, are the state's money and under direct control of the state through its state auditor and treasurer.  Said board, although styled a corporation, with certain powers and duties prescribed by statute, is but a state agent having only a nominal interest, and they are not personally liable for fulfillments of such obligations—where not charged with acting unlawfully 'or in excess of authority; and a judgment rendered in favor of one suing to recover for construction of a power house, alterations and repairs in buildings of a state normal school, could effectually operate only upon funds under control and in hands of stato auditor for allowance, and state treasurer can make payment thereof only from funds of the state upon warrants of the auditor; such case being distinguished from that of a state agency as an incorporated body, and where state funds are placed in its hands for payment of such contractual obligations.

**5.  Board of Regents—Former Statutory Status re Funds, Auditing of Claims—Statute, Amendatory Act, Effect re Control of Funds.**

Formerly the board of regents had its own treasurer, and all funds belonging to state educational institutions went directly to said treasurer, and were under direct control of said board, and all accounts were audited and allowed or rejected by it, and all warrants for payment of such accounts were drawn by it on its treasurer; and a money demand action might have been maintained against it in the circuit court courts; construing Laws 1897, Ch. 58; but by Laws 1911, Ch. 168, providing that all moneys received for use and benefit of state institutions (with certain exceptions) shall be paid to state treasurer, and be by him paid out upon state auditor's warrants issued upon audited certified itemized vouchers, after same are approved by board of regents, such moneys being payable in same ·manner as appropriations from the general fund, that amendment deprived said board of authority to control and pay out state moneys appropriated for state educational institutions, and placed control thereof in hands and under supervision of state auditor, the same as state funds derived from general appropriations for state purposes; hence any judgment rendered in a suit to recover for construction and repairs of state

normal school buildings, could effectually operate only against the state.

6.   Actions—Claims Against State Auditor—Mandamus, When Maintainable—Suit Against State on Rejected Claim—Statute Construed—Supreme Court, Exclusive Jurisdiction.

Rev. Code 1919, Sec. 2109, formerly Sec. 25, Code Civ. Proc., providing that any person aggrieved by refusal of state auditor to allow a just claim against the state, may sue the state by filing with Supreme Court clerk a complaint, etc., was, until the last session of the Legislature, the only consent to be sued that this state has ever given in a case against the state where auditor has refused to allow the claim, where only the justness of the claim is involved; and where thereunder the state auditor fails to perform his official duty to allow a claim, where there was no other ground for refusal than a question of law, the justness of the claim being otherwise conceded, mandamus would lie against auditor to compel issuance of warrant for payment of the claim, but such proceeding would not be an action against the state, and the state's consent to the suit would not be necessary; therefore such suit was maintainable in any court having jurisdiction of such procedure; but where, as in case at bar, the meritorious justness of the claim is not questioned, and auditor has not failed in his duty, or acted in excess of authority, but has refused in exercise of his lawful authority, to allow such claim because deemed unjust and unwarranted under the contract involved, the Supreme Court is the court having jurisdiction of a money demand action based on such contract against the state.

7.   Courts—Claim Rejected by State Auditor, Original Suit in Supreme Court—Statute, Constitutionality re Appellate Jurisdiction—Legislative Authority re Jurisdiction, Effect.

Under Code Civ. Proc. 1903, Sec. 25 (Sec. 2109, Rev. Code 1919), providing that a person deeming himself aggrieved by refusal of state auditor to allow a just claim against the state, may sue the state in the Supreme Court, is not unconstitutional, or obnoxious to the objection that it is in conflict with Const. Art. 5, Secs. 2 and 3, which provide that Supreme Court, "except as otherwise provided in this constitution," shall have appellate jurisdiction only; since said constitutional provision, construed in connection with Art. 3, Sec. 27, provide that the Legislature shall direct by law in what manner and in what courts suits may be brought against the state; and when the Legislature, under this constitutional power, designated the Supreme Court as the court in which suits against the state shall be instituted, additional original jurisdiction was thereby conferred by constitutional sanction upon Supreme Court in addition to that conferred by said Secs. 2 and 3; there being

nothing in the latter sections giving consent by the state to be sued in any case in any court; and when the Legislature, by laws 1890, Ch. 1 (merged in said Sec. 25) designated the Supreme Court as the court in which the state might be sued, it excluded all other courts of jurisdiction to entertain such suits. Therefore, a money demand action is maintainable in that Court against the state, under said Sec. 25, (now said Sec. 2109) to recover for work, labor and materials furnished under contract with state board of regents for construction of and repairs to certain state normal school buildings; and circuit court had no jurisdiction to try and determine an action to recover therefor.

Appeal from Circuit Court, Lawrence County. HON. JAMES McNENNY, Judge.

Action by Barney M. Mullen and Clarence F. Rourke, copartners as Mullen & Rourke, against T. W. Dwight and others, as members and constituting and comprising the regents of education of the State of South Dakota, a public corporation, to recover for work, labor and materials entering into construction and alteration of certain state normal school buildings. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed, and action ordered dismissed.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for Appellants.

*Kellar & Stanley,* for Respondents.

(1) To point one of the opinion, Appellants cited:

Chapter 73, laws of 1913; McDowell v. Fuller, (Mich.) 135 N. W. 265; Jobe v. Urquhart, (Ark.) 136 S. W. 663; Miller v. State Board of Agriculture, (W. Va.), 32 S. E. 1007; Miller Supply Co. v. State Board of Control (W. Va.), 78 S. E. 672; Thomas v. State, 16 Ida, 81, 100 Pac. 761; Secs. 25, 26, 27, Code Civ. Proc. 1903.

Respondents cited:

Secs. 196 to 225, inc., Pol. Code 1903; Board of Trustees of Illinois v. Bruner, (Ill.) 51 N. E. 687; Gross v. Kentucky Board, (Ky.) 49, S. W. 458; Hopkins v. Clemson Agricultural College, 221 U. S. 637, 55 Law Ed. 890; Phoenix Co. v. Board, 197 Fed. 425; Ward v. Board of Regents, 138 Fed. 372; Herr v. Asylum, (Ky.), 30 S. W. 971; Dunn v. University, 9 Oreg. 357; Tompkins v. Board, 19 W. Va., 257; Stern v. Dental Board, (Wash.), 96 Pac. 693; Tindal v. Wesley, 167 U. S. 203, 42 Law. Ed. 137;

Moscow Co. v. Regents, 113 Pac. 731; Const. Art. 14, Sec. 3; Art. 5, Secs. 2, 3, 14; Code Civ. Proc. Sec. 30.

(4)   To point four, Appellants cited:
Dunn v. University, 9 Or. 362.

(5)   To point five, Appellants cited:
Laws 1901, Ch. 191; Sec. 313, Pol. Code 1903; Laws 1905, Ch. 166; Laws 1911, Ch. 168, Laws 1913, Ch. 73; Regents v. McConnell, 5 Neb. 423; State v. Babcock, 17 Neb. 610; 1913-1914 Attorney Generals Report, page 39.

Respondents submitted that: Laws 1913, Ch. 73, provides that the money so appropriated is to be paid out "under the direction of the Board of Regents of Education."

No funds belonging to the State Board of Regents can be, under any law, expended by any state officer. The Board of Regents is the only body permitted to expend such funds. Any act performed by the State Treasurer or the State Auditor, is merely ministerial and, being so, the consent of the state is not necessary before bringing action against the State Board; citing: Granville County Board v. State Board, (N. C.) 10 S. E. 1002.

McCOY, J.   Plaintiffs, engaged in general contracting business, entered into a contract for the construction of a power house, alterations and repairs in the buildings of the state normal school at Spearfish, with defendant, as the board of regents of education of the state of South Dakota, for which construction, necessary work, labor, and materials, therefor, the said board of regents promised and agreed to pay to plaintiffs the sum of $9,367. Plaintiffs, by their complaint, claim that they have fully completed the said construction according to contract, and that the board of regents have failed and refused to pay $1,477 of said contract price. This suit was instituted in the circuit court of Lawrence county to recover said balance. There was trial before the court, without a jury, which resulted in findings and judgment in favor of plaintiffs, from which the defendant board of regents appeals.

[1, 2] By demurrer to the complaint, by motion at the beginning of the trial, and by proper exceptions to the adverse rulings of the trial court, the appellants present the question that the circuit court had no jurisdiction of the cause; that this action

against the board of regents, a governmental agency of the state, is in effect an action aganst the state; and that the state had not consented that it be sued in such an action in the circuit courts of this state.

We are of the opinion that this contention of appellant is well grounded. It is a fundamental principle of government that a state, being sovereign, cannot be sued in its own courts without its consent, and then only in the cases, manner, and courts prescribed by it. Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L. R. A. 911; 36 Cyc. 913, 914. In Butler v. Ellerbe, 44 S. C. 256, 22 S. E. 425, the court, among other things, said:

"That a state cannot be sued in any of its courts without its express consent, which can only be given by the legislative authority, is a proposition so universally conceded as to render any argument or authority to support it wholly unnecessary."

[3] In considering a case involving this proposition, it becomes necessary to determine whether or not the action is one against the state. Many actions and judicial proceedings may be instituted, in any courts having jurisdiction, against state officers and state agencies which are not deemed actions or suits against the state. An action against state officers to compel them by mandamus, or other similar process, to perform official duties of a purely ministerial nature, involving the exercise of no discretion of political or governmental power, is not a suit against the state, and may be maintained without its consent. Likewise, state officials may be restrained or prohibited by appropriate action or procedure, in any court having jurisdiction, from performing unlawful acts as such officials, without the consent of the state, as such procedure is not deemed a suit against the state. 36 Cyc. 916, 917; Greenwood Cemetery Co. v. Routt, 17 Colo. 156, 28 Pac. 1126, 15 L. R. A. 369, 31 Am. St. Rep. 284; Rolston v. Missouri Fund Com., 120 U. S. 390, 7 Sup. Ct. 599, 30 L. Ed. 721; German Ins. Co. v. Van Cleve, 191 Ill. 410, 61 N. E. 94; Gunter v. Ry. Co., 200 U. S. 273, 26 Sup. Ct. 252, 50 L. Ed. 477. The fact as to whether a particular suit is a suit against a state is not always to be determined by reference to the nominal parties to the record, and, although the contrary was once held, the fact that the state is not named as a party defen-

dant is not conclusive that the suit is not a suit against the state, and a suit in form against a state official may be in fact a suit against the state, although the state is not a party to the record. 36 Cyc. 915; Salem Mills v. Lord, 42 Or. 82, 69 Pac. 1033, 70 Pac. 832; Butler v. Ellerbe, supra; Blue Jacket Co. v. Scherr, 50 W. Va. 533, 40 S. E. 514; State v. Supr. Court, 86 Wash. 685, 151 Pac. 108; Norwood v. Confederate Home, 172 Ky. 300, 189 S. W. 225. As stated in many of the decisions, a like question in principle arises under the eleventh amendment to the federal Constitution. In Osborn v. Bank, 22 U. S. (9 Wheat.) 738, 6 L. Ed. 204, it was held that unless the state was a party to the record the suit was not against the state, although against a state officer; but the rule announced in that case has been overruled in many subsequent cases. In re Ayers, 123 U. S. 443, 8 Sup. Ct. 164, 31 L. Ed. 216; Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699, 39 L. Ed. 336; Pointdexter v. Greenhow, 114 U. S. 270, 5 Sup. Ct. 903; 29 L. Ed. 185. In the Ayers Case and in Butler v. Ellerbe, supra, it was in substance held that a suit brought against officers and agents of a state, where the state, although not named as such, was nevertheless the only real party against which alone in fact the judgment could effectively operate, was a suit against the state. In State v. Supr. Court, supra, involving a contract with certain state officers, the Supreme Court of Washington said:

"The suit in question, while in form a suit against certain of its executive officers in their representative capacites, is in essence and effect a suit against the state. The suit is instituted to restrain these officers, the one from certifying that certain sums payable out of the state treasury have been earned in the performance of a contract in which the state has an interest, and the other from drawing warrants on the state treasury for the payment of such certificates, if any are so presented to him. The funds involved are the funds of the state. The officers sought to be enjoined have no interest in the funds. They are merely the agents of the state by and through whom the state acts. They are not charged with acting in excess of the authority conferred upon them by law; nor is it charged that the law under which they are acting is for any reason void. The charge is, on the

12—Vol. 42, S. D.

contrary, that a contract in which the state has an interest, and which if valid makes a charge upon the state's funds, is void because of fraud in its inception. Clearly we think such a suit, even though brought against its officer, must in effect be a suit against the state."

[4] Title to state-owned educational property in this state is in the state, and not in the board of regents. The funds appropriated to pay the contractual obligations of the board of regents in relation to such stateowned property are the state's moneys and under the direct control of the state through its state auditor and state treasurer. The board of regents, although styled a corporation, with certain powers and duties prescribed by statute law, is nevertheless only a state agent having a nominal interest. They are not personally liable for the fulfillment of their contractual obligations—where not charged with acting unlawfully or in excess of their authority. Any judgment that might be rendered in favor of plaintiff in a case like this could effectually operate only against the funds under the control and in the hands of the state auditor and treasurer. We are therefore of the view that this suit is in essence and fact a suit against the state and is one of those cases which can only be maintained under the circumstances disclosed in that court in which the state has consented to be sued. The claim or demand of the plaintiff is one which must be presented to the state auditor for audit and allowance, and the state treasurer is only authorized to make payment of such claim from the funds of the state upon the warrant of the state auditor duly issued. There are authorities which hold that a state agency may be an incorporated body, and that where moneys and funds are placed in the hands of such corporations for the payment of contractual obligations authorized by the state to be entered into by it, and also by it authorized to be paid and satisfied from such funds so in the hands of such corporation, then and under such circumstances suit may be maintained directly against such corporation. 36 Cyc. 919. But that is not this case. Under the law of this state as it now exists and as it has existed at all times material to a determination of this controversy, the corporate body known and styled board of regents possessed no funds, nor was it authorized to audit or pay out any funds in fulfillment of any con-

tractual obligation it might enter into on behalf of the state in relation to educational institutions under their supervision and control.

[5, 6] Formerly, the board of regents had its own treasurer, and all funds belonging to the educational institutions of the state went directly into the possession of such treasurer and were then under the direct control of the board of regents. All accounts then were audited, passed upon, allowed, or rejected by the said board, and all warrants for the payment of such accounts were drawn by the board upon its own treasurer. Chapter 58, Laws of 1897. Under such former authority of the board of regents, a money demand action undoubtedly might have been maintained against it in the circuit courts. But chapter 58, Laws of 1897, has been materially modified by chapter 168, Laws of 1911, which, among other things, provides that all moneys received from whatever source for the use and benefit of state institutions, with certain specified exceptions, shall be paid to the state treasurer, and that all said funds so received shall be by him, for the benefit of the respective institutions, paid out upon warrants of the state auditor issued upon duly audited, certified, itemized vouchers, after the same shall have been approved by the governing board of said institution; it being the intent and purpose of said act to provide for the payment of all funds therein named in the same manner as appropriations from the general fund. This enactment had the effect to curtail and take away from the board of regents its authority to control and pay out the moneys of the state appropriated for state educational institutions, and placed the control of such moneys exclusively and directly in the hands and under the control and supervision of the state auditor, the same as funds of the state derived from general appropriations for state purposes. Under the provisions of said chapter 168, the state auditor was clothed with power to audit, allow, or disallow accounts and claims against state educational institutions. Therefore it necessarily follows that any judgment that might be rendered in this action could only effectually operate against the state.

Section 2109, Revised Code of 1919, formerly section 25, Code of Civil Procedure, provides that it shall be competent for any person deeming himself aggrieved by the refusal of the state

auditor to allow any just claim gainst the state to commence an action against the state by filing with the clerk of the Supreme Court a complaint setting forth the nature of the claim. Until the last session of the Legislature, this appears to be the only consent to be sued that this state has ever given in a case against the state where the auditor has refused to allow the claim, where only the justness of the claim itself is involved. In a case where the state auditor failed to perform his official duty to allow a claim where there was no other ground for refusal than a question of law, the justness of the claim being otherwise conceded, mandamus would no doubt lie against such auditor to compel the issuance of a warrant for the payment of such claim. Under the authorities cited, such a mandamus proceeding would not be deemed an action against the state at all, and no consent to the suit by the state would be necessary, and therefore such a suit might be maintained in any court having jurisdiction of such procedure. But in a case like this, where the meritorious justness of the claim is in question, and where there is and can be no claim made that the auditor has failed to do his lawful duty, or that he has acted in excess of his lawful authority, and where he has refused in the exercise of his lawful official authority to allow such a claim on the ground that he considers the same unjust and not warranted under the contract between the state and the claimant, we are of the view that the Supreme Court is the only court having jurisdiction of a money demand action based on such a contract against the state.

[7] It is contended by respondent that said section 25, Code Civil Procedure, now section 2109, Rev. Code 1919, is unconstitutional and in conflict with the provisions of sections 2 and 3, art. 5, state Const., which, in substance, provides that the Supreme Court, except as otherwise provided in this constitution, shall have appellate jurisdiction only; and that the only other jurisdiction conferred by the Constitution is to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and other original remedial writs. If sections 2 and 3, art. 5, were the only constitutional provisions in relation to the question of jurisdiction of the Supreme Court, respondent's point, so far as it would relate to the circumstances of this case, might be well taken. Section 27, art. 3, of the Constitution, provides that

the Legislature shall direct by law in *what manner* and in *what courts* suits may be brought against the state. When the Legislature, under this constitutional power, designates the Supreme Court as the court in which suits against the state shall be instituted ,we are of the opinion that additional original jurisdiction has been thereby conferred, by constitutional sanction, upon the Supreme Court in addition to that conferred by sections 2 and 3 of article 5. State ex rel. Egan v. Norbeck, 38 S. D. 93, 160 N. W. 524. There is nothing contained in said sections 2 and 3, art. 5, that gives *consent by the state* to be sued in any case in any court. It is section 27, art. 3, that authorized the Legislature to give such consent. When the Legislature in 1890 (Laws 1890, c. 1, § 1) designated the Supreme Court as the court in which the state might be sued, that act excluded all other courts of jurisdiction to entertain such suits. We are therefore of the view that a money demand action may be maintained in the Supreme Court against the state, under the circumstances peculiar to this case, where the auditor has disallowed a claim on an account for work, labor, and materials furnished under contract with the state board of regents. We are also of the opinion, and so hold, that the circuit court had no jurisdiction to try and determine the action in question, as it was one against the state which could only be maintained in the Supreme Court under the provisions of said section 25, now section 2109, Rev. Code 1919.

The judgment appealed from is reversed, and plaintiff's action may be dismissed.