STATE, Appellant v. PIEKKOLA, Respondent

(241 N.W.2d 563)

(File No. 11669. Opinion filed April 23, 1976)

**William J. Janklow,** Atty. Gen., **Doyle D. Estes,** Asst. Atty. Gen., Pierre, for appellant.

**Thomas E. Carr,** of **Stephens, Quinn, Carr & Tschetter, P.C.,** Belle Fourche, for respondent.

WINANS, Justice.

A state statute under which Defendant-Respondent had been convicted was declared by this Court to be unconstitutional. Defendant petitioned the lower court to return to him the fine and the court costs imposed on and paid out by him upon his guilty plea, this petition being filed subsequent to an order of the court setting aside Defendant's conviction. The circuit court ordered the county treasurer to restore Defendant's fine and costs and the State appealed. We affirm the order of the circuit court.

What at first blush would appear to be a simple matter easily resolved by basic equity principles if nothing else has evolved into a classic Catch-22 situation. Kenneth Piekkola was charged with the crime of unlawful possession of less than an ounce of a controlled drug in September 1971, and to this charge he entered a plea of guilty. The district county judge of the fifteenth district, in and for Lawrence County, sentenced Piekkola to sixty days in jail and a fine of one hundred dollars and assessed him costs in the amount of thirty-three dollars and sixty-four cents. Defendant paid the fine and costs and served all but a small portion of his jail sentence. Subsequently this Court in State v. Matteson, 1973, 87

S.D. 216, 205 N.W.2d 512, held that the statute under which Piekkola was charged was unconstitutional and that this unconstitutionality could be asserted as a defense for an alleged offense committed from July 1, 1970 through July 1, 1972. In view of Matteson the district county judge set aside Defendant's conviction and vacated the court's sentence and released him from probation on April 20, 1973. In November of that same year Piekkola petitioned the district county court which had sentenced him for a modification of its April order, praying that the fine and court costs amounting to one hundred thirty-three dollars and sixty-four cents be returned to him. A hearing was held in January of 1974 on the petition and the following December the district county judge issued a memorandum decision in favor of Defendant Piekkola. The following April an order was entered by a judge of the Eighth Judicial Circuit directing the Lawrence County Treasurer to pay Piekkola the monies in question and from this order the state has appealed.

The State of South Dakota urges on appeal that the trial court lacked jurisdiction to act on Piekkola's petition and that sovereign immunity was a bar to Defendant's claim. The State further urges that the fine should not be returned because it was a voluntary payment by Defendant, even though based on an unconstitutional statute and an invalid conviction.

Jurisdiction for the court in this case is established in SDCL Chapter 23-52 on post-conviction proceedings. SDCL 23-52-1 gives the right to an individual who claims to be convicted in violation of the constitution of this state to institute a proceeding to secure relief from the conviction or *sentence*. SDCL 23-52-4 provides that a petition for such relief may be filed at any time. SDCL 23-52-13 directs that a court finding in favor of petitioner shall enter an appropriate order "with respect to the conviction or *sentence* in the former proceedings, and any supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence, or *other matters that may be necessary and proper*." (emphasis supplied). In addition, the jurisdiction of this Court to review a final judgment entered under this chapter upon a motion brought by either petitioner or the state is set out in SDCL 23-52-16. The statutes thus cited,

together with Chapter 23-52 taken as a whole, set out Defendant's right to secure relief from the conviction and resulting sentence obtained in violation of our state's constitution and establish the trial court's jurisdiction in this matter.

■ Respondent's right to obtain full relief from the consequences of his conviction should not be doubted. There is no manifest rationale for terminating his probationary status while retaining his money. In United States v. Lewis, 1973, 5 Cir., 478 F.2d 835, the court noted that "[j]ust as the imposition of a fine is an incident of a criminal conviction, so is the direction for repayment an incident to the vacating and setting aside of the conviction." More recently the Supreme Court of Illinois in a case similar to the one before us concluded:

> "We are of the opinion that the money, having been received in payment of fines imposed as an incident to judgments of conviction, should be ordered refunded as an incident to the vacation of the judgments under which it was ordered paid." People v. Meyerowitz, 1975, 61 Ill.2d 200, 335 N.E.2d 1.

We agree. Even as the court had the right to set aside Defendant's conviction it had the right and the duty to set aside the resulting sentence, including the fine and court costs imposed. Once the conviction had been set aside the state was without a right to collect or retain the fine and costs and Defendant had a lawful expectation of their return. The refund was incident to the vacation of the judgment in question.

■ The State in its appeal brief states that there is no statutory scheme which would permit recovery by Defendant and comments that it "does not attempt to hide the fact that to not return the fine and costs to the Defendant appears to be both harsh and unfair." The State contends that the doctrine of sovereign immunity bars this action. Sovereign immunity, however, is a doctrine properly invoked in questions of suit and liability for tort as in Conway v. Humbert, 1966, 82 S.D. 317, 145 N.W.2d 524, or in questions of contract (see Mullen & Rouke v.

Dwight, 1919, 42 S.D. 171, 173 N.W. 645). It is not an issue in the case presently before us. To petition for the return of a fine and of costs imposed on the basis of unlawful authority is no more a suit against the state barred by sovereign immunity than to petition or file for the return of money paid to the government as income tax in excess of the amount due. To make more of the action than that offends common sense and severely distorts the image of justice as fairness.

██ Lastly, the State contends that a long-standing rule of law would prevent the return of the money. According to the state, "when one pays a fine voluntarily under a mistake of law, that fine cannot be recovered unless payment was induced by fraud or the undue advantage of the party receiving it." The State has presented us with no South Dakota cases in support of this proposition and we do not find it to be our law. Rather, we find ourselves much more in line with the sentiments expressed in a similar situation by Chief Judge Blumenfeld:

> "There is little doubt that equity compels the decision reached in this case.
>
> > 'While there are no means available to compensate a person who has been imprisoned for violating a statute that is subsequently found constitutionally void and retrospectively applied, there is always a means for such a person to recoup his losses when the loss takes the form of a monetary fine. The Fifth Amendment prohibition against the taking of one's property without due process of law demands no less than the full restitution of a fine that was levied pursuant to a conviction based on an unconstitutional law. Fairness and equity compel this result, and a citizen has the right to expect as much from his government, notwithstanding the fact that the government and the court were proceeding in good faith at the time of prosecution.' United States v. Lewis, supra, 342 F.Supp. [833] at 836." United States v. Summa, 1972, 362 F.Supp. 1177 (D.Conn.)

SDCL 23-48-15 provides that

> "[t]he punishments prescribed by statute can be inflicted only upon a legal conviction in a court having jurisdiction. Upon such conviction a duty devolves upon the court authorized to pass sentence, to determine and impose the punishment prescribed."

There is no question that a conviction under an unconstitutional statute is a nullity. State v. Dove, 1955, 75 S.D. 460, 67 N.W.2d 917. There being no legal conviction as required by SDCL 23-48-15 a punishment, including a fine prescribed by statute, could not lawfully have been imposed. The issue is not whether or not the defendant was acting in good faith under mistake of law when he paid the required fine and court costs. Rather, the issue is whether or not the state had a right to receive and to retain those monies. We hold that the state had no such right and that therefore the order of the trial court is affirmed.

DUNN, C. J., and WOLLMAN, J., concur.

COLER, J., dissents.

COLER, Justice (dissenting).

While I agree with the majority opinion to the extent that it holds that the respondent is entitled to the return of his fine and costs, I cannot concur in the opinion because of the procedural and jurisdictional defects which exist and the precedent which this decision will set. The order in this case, phrased in language of a judgment, was entered against Lawrence County, albeit naming the county treasurer, which was not a party, on a petition in the original criminal proceeding which is a collateral proceeding. I am convinced that such a remedy must be enforced by an independent civil action and the trial court was without jurisdiction, absent the commencement of an action against the real party or parties in interest to enter the "order." In addition, the "order" merely directed payment without directing which fund should be charged.

Conceding the right of the respondents to be reimbursed, it is first necessary to determine who are the real parties in interest against whom the action must be commenced. SDCL 15-6-17(a). The second consideration is what procedure is to be utilized to provide the remedy. Although dealing with forfeitures, the decisions of this court, namely, State v. Newson, 1896, 8 S.D. 327, 66 N.W. 468 and State v. Davis, 1898, 11 S.D. 111, 75 N.W. 897, indicate that although neither the state nor the counties benefit from the fines collected under the provisions of S.D.Const. Art. VIII, § 3 and SDCL 23-48-30, they act as trustees of the fund and are, therefore, the real parties in interest. State v. Newson, supra. Neither of the entities receives any payment from the fund created by the fines collected since the entire fund is constitutionally required to be allocated to the school districts and to me it is this fund against which the claim must be made. S.D.Const. Art. VIII, § 6. See also SDCL 5-10 and SDCL 13-13. The state as a trustee of the fund has a claim against this sum of money, the money being personal property under SDCL 2-14-2(17), adverse to the interest of the respondent so that the state therefore is a proper party defendant. SDCL 15-6-17(a). Because of the state's adverse interest in the property, the state may be sued but it must be by action. SDCL 21-32-8.

The county was not sued as it might have been under SDCL 7-18-1 and no claim had been filed if such a claim is required to be filed under SDCL 7-18-6. No action was commenced against either the state or the county as no summons was issued as is required by SDCL 15-2-30 and there is but one form of action, SDCL 15-6-2. No process of any nature was served upon a county commissioner of Lawrence County as is required under SDCL 15-6-4(d)(4)(i). The judgment or order is void as it relates to Lawrence County. SDCL 15-2-30 and decisions annotated thereunder.

The procedure utilized in the present case I believe is analogous to collateral proceedings attempted to be used by the railroads to collect interest on taxes paid by virtue of overassessment, Chicago & N. W. Ry. Co. v. Schmidt and Asper, 1970, 85 S.D. 223, 180 N.W.2d 233. The circuit court in that case was sitting as "another board of equalization" and it was held that under those circumstances the court was without jurisdiction to assess

interest. Under the logic of that decision and by virtue of SDCL 21-32-8 I would hold the trial court should have required an action to be commenced in which the parties were properly served with process.

This court has had occasion to provide a remedy where the statutes were silent as in inverse condemnation suits, Hurley v. State, 1966, 82 S.D. 156, 143 N.W.2d 722, but we need not fashion a remedy here on the basis of SDCL 23-52 when an action is already authorized by SDCL 7-18-1 and SDCL 21-32-8 and the claim could be presented pursuant to SDCL 15-39 in small claims.