**STATE of Alaska, Appellant,**

v.

**Clifford E. DANIELSON and Steven Solie, Appellees.**

**No. A–3265.**

Court of Appeals of Alaska.

April 26, 1991.

---

**938**

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

Michael A.D. Stanley, Juneau, for appellees.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

ANDREWS, Judge.

Clifford E. Danielson and Steven Solie were convicted of commercial fishing in closed waters in violation of 5 AAC 09.-320(a). Their cases were prosecuted as violations on a strict liability theory pursuant to *Beran v. State*, 705 P.2d 1280 (Alaska App.1985). Danielson and Solie were each fined $2,500 and ordered to pay the state $2,000 in lieu of forfeiture of their fishing nets. Danielson paid the entire $4,500 to the state, while Solie paid half of his fine and the entire forfeiture, a total of $3,250. Following the issuance of this court's opinion in *Constantine v. State*, 739 P.2d 188 (Alaska App.1987), Danielson and Solie moved for modification of their sentences to reduce their fines to $300. In *Constantine*, we held as a matter of statutory construction that the legislature had limited fines for strict liability violations of fishing regulations to $300. District Court Judge John D. Mason granted Danielson's and Solie's motions and ordered the state to refund $4,200 to Danielson and $2,950 to Solie. The state appeals this order. The state raises four issues on appeal. In *State v. Stein*, 806 P.2d 346 (Alaska App. 1991), we considered and rejected two of the arguments made by the state in this case: that the district court abused its discretion in ordering a refund of the illegally paid fines, and that payments voluntarily made pursuant to a mistake of law are not recoverable. In deciding this case, we have considered the state's remaining two arguments.

## DISTRICT COURT JURISDICTION

■ Danielson and Solie (hereafter referred to as "Danielson") made their application for refund of excess fines pursuant to both Criminal Rule 35, governing sentence modification, and Criminal Rule 35.1, governing post-conviction relief.

The state argues that the district court does not have jurisdiction to entertain applications for post-conviction relief made

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

under Rule 35.1. The state cites *Bishop v. Anchorage*, 685 P.2d 103, 107 (Alaska App. 1984), in which we held that the district court did not have jurisdiction over proceedings initiated under former Criminal Rule 35(c), the predecessor to the current Rule 35.1. We held that because a Rule 35(c) proceeding was an independent civil action in which the state was the defendant, the district court was precluded from hearing such actions by AS 22.15.050(2).[1]

Danielson concedes that under the rule of *Bishop*, the district court does not have jurisdiction over Rule 35.1 post-conviction relief applications. Danielson's concession is supported by the law and by the record in this case. *See Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972).[2]

Under Alaska law, Rule 35.1 applications for post-conviction relief are civil actions, distinct from the criminal case in which the defendant was convicted. *Hensel v. State*, 604 P.2d 222, 229 n. 22 (Alaska 1979); *State v. Hannagan*, 559 P.2d 1059, 1062 (Alaska 1977); *Bishop*, 685 P.2d at 107. Rule 35 motions for correction or reduction of sentence, on the other hand, are considered part of the original criminal proceeding. *State v. Price*, 715 P.2d 1183, 1185 (Alaska App.1986) (citing 3 C. Wright, *Federal Practice and Procedure: Criminal 2d*, § 583 at 392 & n. 16 (2d ed. 1982)). *See also Fowler v. State*, 766 P.2d 588, 589 n. 1 (Alaska App.1988) (holding that Rule 35(b) motions are governed not by the procedures applicable to post-conviction relief applications, but rather by the general rules governing motion practices in criminal cases).

The state concedes that the district court did have jurisdiction to hear Danielson's motion insofar as it can be construed as a Rule 35(a) motion for a correction of an illegal sentence. However, the state contends that the district court was empowered only to correct the judgment against Danielson and not to order a refund of the illegally assessed fine. In *Stein v. State*, 758 P.2d 132, 133 (Alaska App.1988), we held that Stein's motion to correct his sentence to reduce the fine from $1,000 to $300 should be construed as a Rule 35(a) motion, as distinguished from an application for post-conviction relief. The issue of whether the district court had jurisdiction to order a refund of the fine was not reached in *Stein*.

The state argues that the district court did not have jurisdiction to order the state to reimburse Danielson for the illegally assessed fine. The state contends that such an order violates AS 22.15.050,[3] because it is equitable in nature and, in effect, turns Danielson's motion into an action against the state as defendant. The state's argument ignores the distinction this court has made between Rule 35(a) motions and Rule 35.1 applications for post-conviction relief. Because Rule 35(a) motions are part of the original criminal proceedings, they are not governed by the restrictions on the civil jurisdiction of the district court set forth in AS 22.15.050. Further, Danielson's Rule 35(a) motion was not an action in which the state was the defendant. Rather, it was part of a criminal proceeding in which Danielson was the defendant. We hold that the district court had jurisdiction to hear Danielson's motion as a Rule 35(a) motion to correct an illegal sentence, and that the

---

**1.** AS 22.15.050 provides:

> *Actions Not Within Civil Jurisdiction.* The jurisdiction of the district courts does not extend to
> (1) an action in which the title to real property is in question;
> (2) an action for false imprisonment, libel, slander, malicious prosecution, actions of an equitable nature (except as otherwise provided by law), or actions in which the state is a defendant.

**2.** Earlier this year, the Alaska Legislature amended AS 22.15.060 to read:

> (a) The district court has jurisdiction
>
> .    .    .    .    .
>
> (2) to provide post[-] conviction relief under the Alaska Rules of Criminal Procedure, if the conviction occurred in the district court. We need not decide whether this is a substantive expansion of the jurisdiction of the district court, or merely a clarification of existing law which should be applied retroactively, because we conclude that the district court had jurisdiction to hear Danielson's motion as a Rule 35(a) motion.

**3.** *See* n. 1.

court's authority to correct the illegality of Danielson's sentence includes the authority to put the parties in the position they would have been in had a legal sentence been imposed.

## SOVEREIGN IMMUNITY

■ The state argues that Danielson's motion for refund of his fine was barred by sovereign immunity.

The State of Alaska is immune from lawsuits, except to the extent the legislature has consented for the state to be sued. *State v. Haley,* 687 P.2d 305, 318 (Alaska 1984); *State v. Zia, Inc.,* 556 P.2d 1257, 1260 (Alaska 1976); Alaska Const. art. II, § 21. Alaska Statute 09.50.250 delineates the types of actions which may be brought against the state. That statute provides, in part:

> *Actionable claims against the state.* A person or corporation having a contract, quasi-contract, or tort claim against the state may bring an action against the state in the superior court. . . . However, an action may not be brought under this section if the claim
>
> (1) is an action for tort, and is based upon an act or omission of an employee of the state, exercising due care, in the execution of a statute or regulation, whether or not the statute or regulation is valid; or is an action for tort, and based upon the exercise or performance or the failure to exercise

or perform a discretionary function or duty on the part of the state agency or an employee of the state, whether or not the discretion involved is abused. . . .

The state argues that Danielson's motion for refund of his fine should be viewed as a tort action against the state. The state cites *United States v. Gettinger,* 272 U.S. 734, 47 S.Ct. 276, 71 L.Ed. 499 (1927), and *Russell v. United States,* 182 U.S. 516, 21 S.Ct. 899, 45 L.Ed. 1210 (1901), cases in which the United States Supreme Court held that actions against the United States based upon implied contracts were tort actions which the lower federal courts did not have jurisdiction to hear. In the state's view, because Danielson's motion is a tort action against the state, it is barred by AS 09.50.250(1), either because it is based upon an act or omission of an employee of the state exercising due care in the execution of a statute or regulation, or because it is based upon the exercise or performance of a discretionary function or duty on the part of a state agency or employee. *See Earth Movers of Fairbanks, Inc. v. State,* 691 P.2d 281 (Alaska 1984); *Bridges v. Alaska Housing Authority,* 375 P.2d 696 (Alaska 1962).

While we believe Danielson's Rule 35(a) motion, if viewed as a separate cause of action, would more aptly be characterized as a quasi-contract claim than a tort claim,[4]

---

4. Even assuming that Danielson's motion is a claim against the state which must be authorized by AS 09.50.250, the state is mistaken in characterizing this action as a tort claim which is subject to the restrictions of subsection (1) of the statute. Danielson's claim fits more closely into the definition of a quasi-contract claim, which is authorized without restriction by AS 09.50.250.

Black's Law Dictionary defines "quasi-contract," under the main definition of "contract," as a

[l]egal fiction invented by common law courts to permit recovery by contractual remedy in cases where, in fact, there is no contract, but where circumstances are such that justice warrants a recovery as though there had been a promise. It is not based on intention or consent of the parties, but is founded on considerations of justice and equity, and on the doctrine of unjust enrichment. It is not in fact a contract, but an obligation which the

law creates in absence of any agreement, when and because the acts of the parties and others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it. It is what was formerly known as the contract implied in law; it has no reference to the intentions or expressions of the parties. The obligation is imposed despite, and frequently in frustration of their intention.

*Black's Law Dictionary* 293 (5th ed. 1979). *See also People v. Meyerowitz,* 61 Ill.2d 200, 335 N.E.2d 1 (1975), in which the court held that defendants convicted under a statute later declared illegal were entitled to recover the fines they had paid. The court rejected the state's argument that the state's Local Governmental and Governmental Employees Tort Immunity Act barred recovery of the fines. The court stated:

an even simpler answer to the state's argument is that the motion is not a separate cause of action at all. Rather, because Danielson's motion was properly filed under Criminal Rule 35(a), it is a component part of the original criminal case; as such, it seeks relief that is within the scope of the court's sentencing authority to give. We concur with the reasoning of the South Dakota Supreme Court in *State v. Piekkola*, 90 S.D. 335, 241 N.W.2d 563 (1976), a case in which the court ordered reimbursement of a fine paid pursuant to a conviction under an unconstitutional statute. The court stated:

> [T]he State contends that the doctrine of sovereign immunity bars this action. Sovereign immunity, however, is a doctrine properly invoked in questions of suit and liability for tort as in *Conway v. Humbert*, 1966, 82 S.D. 317, 145 N.W.2d 524, or in questions of contract (*see Mullen & Rouke v. Dwight*, 1919, 42 S.D. 171, 173 N.W. 645). It is not an issue in the case presently before us. To petition for the return of a fine and of costs imposed on the basis of unlawful authority is no more a suit against the state barred by sovereign immunity than to petition or file for the return of money paid to the government as income tax in excess of the amount due. To make more of the action than that offends common sense and severely distorts the image of justice as fairness.

*Id.* 241 N.W.2d at 564. Danielson's Rule 35(a) motion for return of his fine is not barred by sovereign immunity because it is not an action against the state.

The judgment of the district court is AFFIRMED.

MANNHEIMER, J., not participating.

unconstitutional statute would more nearly resemble the common law action for money had and received.
*Id.* 335 N.E.2d at 7 (citation omitted).

